MORRISON & FOERSTER LLP
James E. Hough (JH 1066)
1290 Avenue of the Americas
New York, NY  10104-0050
212.468.8000
Vincent J. Belusko (admitted *pro hac vice*)
555 West Fifth Street, Suite 3500
Los Angeles, CA 90013
213.892.5200
*Attorneys for Defendants*
Mitsubishi Electric and Electronics USA, Inc.
Mitsubishi Digital Electronics America, Inc.
Mitsubishi Electric US Holdings, Inc.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GENOA COLOR TECHNOLOGIES, LTD.,<br><br>             Plaintiff,<br><br>     v.<br><br>MITSUBISHI ELECTRIC CORP.; MITSUBISHI ELECTRIC US HOLDINGS, INC.; MITSUBISHI ELECTRIC AND ELECTRONICS USA, INC.; MITSUBISHI DIGITAL ELECTRONICS AMERICA, INC.; SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG ELECTRONICS AMERICA, INC.<br><br>             Defendants. | C.A. No. 07-6233 (PKC)<br><br>**ANSWER OF DEFENDANT MITSUBISHI DIGITAL ELECTRONICS AMERICA, INC.** |

Defendant Mitsubishi Digital Electronics America, Inc. ("MDEA"), by and through its undersigned counsel, hereby answers the Complaint filed by Plaintiff Genoa Color Technologies, Ltd. ("Genoa"), and sets forth affirmative and other defenses as follows:

**PARTIES**

1.     MDEA is without sufficient information to admit or deny the allegations made in paragraph 1 of the Complaint and therefore denies each and every allegation of paragraph 1.

2. MDEA admits that Mitsubishi Electric Corp. ("MELCO") is incorporated in Japan, with its principal place of business at the Tokyo Bldg. 2-7-3, Marunouchi, Chiyoda-ku, Tokyo 100-8310, Japan.

3. MDEA admits that Mitsubishi Electric and Electronics USA, Inc. ("MEUS") is incorporated in Delaware, with its principal place of business at 5665 Plaza Drive, Cypress, California, 90630.

4. MDEA admits that it is incorporated in Delaware, with its principal place of business at 9351 Jeronimo Road, Irvine, California 92618.

5. MDEA admits that Mitsubishi Electric US Holdings, Inc. is incorporated in Delaware, is a wholly-owned subsidiary of MELCO, and is the umbrella organization for six US affiliates of MELCO. Except as expressly admitted, MDEA denies the allegations of paragraph 5 of the Complaint.

6. MDEA is without sufficient information to admit or deny the allegations made in paragraph 6 of the Complaint and therefore denies each and every allegation of paragraph 6.

7. MDEA is without sufficient information to admit or deny the allegations made in paragraph 7 of the Complaint and therefore denies each and every allegation of paragraph 7.

## JURISDICTION AND VENUE

8. MDEA admits that MEUS and MDEA do business in this judicial district. MDEA admits that its WD-52631 televisions employing the 1080p DLP® 6-Color Light Engine have been sold and are currently being sold in this judicial district. MDEA admits that its HD4000U WXGA DLP® Projectors have been sold and are currently being sold in this judicial district. Except as expressly admitted, MDEA denies the allegations of paragraph 8 of the Complaint.

9. MDEA is without sufficient information to admit or deny the allegations made in paragraph 9 of the Complaint and therefore denies each and every allegation of paragraph 9.

10.     MDEA admits that the Complaint purports to state claims for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1, et seq.  MDEA admits that the Court has jurisdiction over this action under 28 U.S.C §§ 1331 and 1338(a) inasmuch as the Complaint purports to state claims for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1, et seq.  Except as expressly admitted, MDEA denies each and every remaining allegation of paragraph 10.

11.     MDEA is without sufficient information to admit or deny the allegations made in paragraph 11 of the Complaint and therefore denies each and every allegation of paragraph 11.

## CLAIM FOR RELIEF

## FACTS COMMON TO ALL COUNTS

12.     MDEA admits that United States Patent Number 7,113,152 (the "'152 patent") issued on September 26, 2006, with the title "Device, System and Method for Electronic True Color Display."  MDEA admits that a copy of the '152 patent appears to be attached to the Complaint.  Except as expressly admitted, MDEA denies each and every remaining allegation of paragraph 12.

13.     MDEA is without sufficient information to admit or deny the allegations made in paragraph 13 of the Complaint and therefore denies each and every allegation of paragraph 13.

## COUNT 1

14.     MDEA is without sufficient information to admit or deny the allegations made in paragraph 14 of the Complaint and therefore denies each and every allegation of paragraph 14.

15.     MDEA admits that it is engaged in the business of selling televisions and projectors in the United States.  Except as expressly admitted, MEUS denies each and every remaining allegation of paragraph 15.

16.     MDEA denies each and every allegation of paragraph 16 as to MDEA.

17. MDEA denies each and every allegation of paragraph 17 as to MDEA.

18. MDEA denies each and every allegation of paragraph 18 as to MDEA.

19. MDEA denies each and every allegation of paragraph 19 as to MDEA.

20. MDEA denies each and every allegation of paragraph 20 as to MDEA.

## **COUNT II**

21. MEUS is without sufficient information to admit or deny the allegations made in paragraph 21 of the Complaint and therefore denies each and every allegation of paragraph 21.

22. MDEA is without sufficient information to admit or deny the allegations made in paragraph 22 of the Complaint and therefore denies each and every allegation of paragraph 22.

23. MDEA is without sufficient information to admit or deny the allegations made in paragraph 23 of the Complaint and therefore denies each and every allegation of paragraph 23.

24. MDEA is without sufficient information to admit or deny the allegations made in paragraph 24 of the Complaint and therefore denies each and every allegation of paragraph 24.

25. MDEA is without sufficient information to admit or deny the allegations made in paragraph 25 of the Complaint and therefore denies each and every allegation of paragraph 25.

26. MDEA is without sufficient information to admit or deny the allegations made in paragraph 26 of the Complaint and therefore denies each and every allegation of paragraph 26.

27. MDEA is without sufficient information to admit or deny the allegations made in paragraph 27 of the Complaint and therefore denies each and every allegation of paragraph 27.

## **COUNT III**

28. MDEA is without sufficient information to admit or deny the allegations made in paragraph 28 of the Complaint and therefore denies each and every allegation of paragraph 28.

29. MDEA is without sufficient information to admit or deny the allegations made in paragraph 29 of the Complaint and therefore denies each and every allegation of paragraph 29.

30. MDEA is without sufficient information to admit or deny the allegations made in paragraph 30 of the Complaint and therefore denies each and every allegation of paragraph 30.

31. MDEA is without sufficient information to admit or deny the allegations made in paragraph 31 of the Complaint and therefore denies each and every allegation of paragraph 31.

32. MDEA is without sufficient information to admit or deny the allegations made in paragraph 32 of the Complaint and therefore denies each and every allegation of paragraph 32.

## JURY TRIAL DEMAND

33. MDEA admits that Genoa demands a trial by jury.

## AFFIRMATIVE DEFENSES

Without admitting or acknowledging that they bear the burden of proof as to any of them, MDEA asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

34. The causes of action against MDEA in the Complaint fail to state a claim upon which relief can be granted in favor of Genoa and against MDEA.

### SECOND AFFIRMATIVE DEFENSE

35. On information and belief, the '152 patent is invalid because it fails to meet the conditions for patentability set forth in Title 35 of the United States Code, including 35 U.S.C. §§ 102, 103, and/or 112.

### THIRD AFFIRMATIVE DEFENSE

36. The prior art known before the alleged invention covered by the '152 patent limits and restricts the scope of the '152 patent so that MELCO, MEUS, MDEA, and Mitsubishi Electric US Holdings, Inc. do not infringe the '152 patent.

### FOURTH AFFIRMATIVE DEFENSE

37. On the basis of the prosecution history of the '152 patent and related patent applications, Genoa's claims against MELCO, MEUS, MDEA, and Mitsubishi Electric US Holdings, Inc. are barred, in whole or in part, by prosecution history estoppel.

### PRAYER FOR RELIEF

WHEREFORE, Defendant MDEA prays:

A. That Genoa take nothing;

B. That the Court dismiss the Complaint with prejudice;

C. That the Court find that MDEA has not infringed the patents in suit;

D. That the Court find the patents in suit invalid;

E. That this case be deemed exceptional pursuant to 35 U.S.C. § 285 and that MDEA be awarded attorneys' fees;

F. That MDEA be awarded its taxable costs and disbursements; and

G. That MDEA be awarded such other and further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

MDEA demands a trial by jury of any and all issues triable as of right by a jury in this action.

Dated: New York, New York
September 5, 2007

        Respectfully submitted,

        MORRISON & FOERSTER LLP

        By: /s/ James E. Hough

        James E. Hough (JH 1066)
        1290 Avenue of the Americas
        New York, NY  10104-0050
        212.468.8000
        Vincent J. Belusko (admitted *pro hac vice*)
        555 West Fifth Street, Suite 3500
        Los Angeles, CA 90013
        213.892.5200
        *Attorneys for Defendants*
        Mitsubishi Electric and Electronics USA, Inc.
        Mitsubishi Digital Electronics America, Inc.
        Mitsubishi Electric US Holdings, Inc.

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system on this 5th day of September, 2007, pursuant to Local Rule 5.2 and Federal Rule of Civil Procedure 5.

By: /s/ James E. Hough
James E. Hough