UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------- x
GENOA COLOR TECHNOLOGIES, LTD.,                                   :
                                                                  :
                Plaintiff,                                     :
                                                                  :
                v.                                             :  No. 07 CIV 6233 (PKC)
                                                                  :
MITSUBISHI ELECTRIC CORP.; MITSUBISHI                             :  ECF Case
ELECTRIC US HOLDINGS, INC.; MITSUBISHI                            :
ELECTRIC AND ELECTRONICS USA, INC.;                               :
MITSUBISHI DIGITAL ELECTRONICS AMERICA, INC.;                     :
SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG                            :
ELECTRONICS AMERICA, INC.,                                        :
                                                                  :
                Defendants.                                    :
----------------------------------------------------------------- x

**DEFENDANTS SAMSUNG ELECTRONICS CO., LTD.'S AND SAMSUNG ELECTRONICS AMERICA, INC.'S ANSWER, DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT**

Defendants Samsung Electronics Co., Ltd. ("SEC") and Samsung Electronics America, Inc. ("SEA" and collectively the "Samsung Defendants"), by and through their undersigned counsel, submit this Answer in response to the Complaint filed in this action by Genoa Color Technologies, Ltd. ("Genoa"), and set forth affirmative and other defenses, and counterclaims, as follows:

**PARTIES**

1.      The Samsung Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Complaint, and as such deny the same.

2. The Samsung Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Complaint, and as such deny the same.

3. The Samsung Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 3 of the Complaint, and as such deny the same.

4. The Samsung Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Complaint, and as such deny the same.

5. The Samsung Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 5 of the Complaint, and as such deny the same.

6. The Samsung Defendants admit that SEC is organized under the laws of South Korea with its principal place of business at 250, Taepyeongno 2-ga, Jung-gu, Seoul 100-742, South Korea.

7. The Samsung Defendants admit that SEA is a New York corporation with its principal place of business at 105 Challenger Road, Ridgefield Park, New Jersey 07660, and that SEA is a wholly-owned subsidiary of SEC.

## JURISDICTION AND VENUE

8. The Samsung Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Complaint, and as such deny the same.

9. The Samsung Defendants admit, for purposes of this action only, that SEC and SEA have engaged in sales and other business transactions in the Southern District of New York, and that the Model HL-S5087W DLP® HDTV has been and/or is currently being sold in this District. The Samsung Defendants deny any and all remaining allegations of paragraph 9.

10. The Samsung Defendants admit that the Complaint purports to state a claim for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, et seq. The Samsung Defendants admit that the Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a) insomuch as the Complaint purports to state a claim for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1, et seq. The Samsung Defendants deny any and all remaining allegations of paragraph 10.

11. The Samsung Defendants admit that venue is proper in this District.

## FACTS COMMON TO ALL COUNTS

12. The Samsung Defendants admit that U.S. Patent No. 7,113,152 (the "'152 patent") issued on September 26, 2006 with the title "DEVICE, SYSTEM AND METHOD FOR ELECTRONIC TRUE COLOR DISPLAY." The Samsung Defendants further admit that a copy of the '152 patent appears to be attached to the complaint. The Samsung Defendants deny the remaining allegations of paragraph 12 of the Complaint.

13. The Samsung Defendants admit that Genoa is listed on the face of the '152 patent as the assignee. The Samsung Defendants are without information or knowledge sufficient to form a belief as to the truth of the remaining allegations of paragraph 13 of the Complaint, and as such deny the same.

## COUNT I

**(Patent Infringement Against the Mitsubishi Defendants)**

14.     Answering paragraph 14 of the Complaint, the Samsung Defendants repeat their admissions and denials as set forth in paragraphs 1 through 13 above.

15.     The Samsung Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 15 of the Complaint, and as such deny the same.

16.     The Samsung Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 16 of the Complaint, and as such deny the same.

17.     The Samsung Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 17 of the Complaint, and as such deny the same.

18.     The Samsung Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 18 of the Complaint, and as such deny the same.

19.     The Samsung Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 19 of the Complaint, and as such deny the same.

20.     The Samsung Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 20 of the Complaint, and as such deny the same.

## COUNT II

### (Patent Infringement Against SEC and SEA)

21.     Answering paragraph 21 of the Complaint, the Samsung Defendants repeat their admissions and denials as set forth in paragraphs 1 through 20 above.

22.     Answering paragraph 22 of the Complaint, the Samsung Defendants admit, for purposes of this action only, that SEC and SEA have made, used, offered for sale, and/or sold in the United States and/or have imported into the United States, products including televisions, and continue to do so.  Except as expressly admitted, the Samsung Defendants deny each and every remaining allegation of paragraph 22.

23.     The Samsung Defendants deny the allegations of paragraph 23 of the Complaint.

24.     The Samsung Defendants deny the allegations of paragraph 24 of the Complaint.

25.     The Samsung Defendants admit that they do not have a license from Genoa.  The Samsung Defendants deny the remaining allegations of paragraph 25 of the Complaint.

26.     The Samsung Defendants deny the allegations of paragraph 26 of the Complaint.

27.     The Samsung Defendants deny the allegations of paragraph 27 of the Complaint.

## COUNT III

### (Breach of a Non-Disclosure Agreement Against SEC)

28.     Count III of the Complaint, consisting of paragraphs 28 through 32, has been voluntarily dismissed by Genoa, and therefore no response is required.

## PRAYER FOR RELIEF

The Samsung Defendants deny that Genoa is entitled to the relief requested or any other relief.

## THE SAMSUNG DEFENDANTS' AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S COMPLAINT

Further answering the Complaint, the Samsung Defendants assert the following defenses without assuming any burden that they would not otherwise have, including without admitting or acknowledging that they bear the burden of proof as to any of them. The Samsung Defendants reserve the right to amend their answer with additional defenses as further information is obtained.

### First Defense: Failure to State a Claim

29.   The Complaint fails to state a claim upon which relief may be granted in favor of Genoa and against SEC and SEA.

### Second Defense: Noninfringement

30.   SEC and SEA have not in any manner infringed any claim of the '152 patent and are not liable for infringement thereof.

### Third Defense: Scope Restricted

31.   The prior art known before the alleged invention covered by the '152 patent limits and restricts the scope of the '152 patent so that SEC and SEA do not infringe the '152 patent.

### Fourth Defense: Prosecution History Estoppel

32.   On the basis of the prosecution history of the '152 patent and related patent applications, Genoa's claims against SEC and SEA are barred, in whole or in part, by prosecution history estoppel.

### Fifth Defense: Invalidity

33.   Each claim of the '152 patent is invalid under one or more of 35 U.S.C. §§ 101, 102, 103, 112, and 135.

### Sixth Defense: Inequitable Conduct

34. The '152 patent is unenforceable due to inequitable conduct before the United States Patent and Trademark Office ("PTO") by Genoa. Specifically, during prosecution of Serial No. 09/710,895, which is the parent application of the '152 patent and now issued as U.S. Patent No. 6,870,523, Applicants made the following statement in an Amendment filed on October 23, 2002:

> Providing image data of the at least four independently selectable primary colors by conversion of standard three-primary-color video data, as disclosed in detail in the specification of the present application, would not have been obvious to a person of ordinary skill in the art in view of the teachings of Guerinot et al. because: (a) Guerinot et al. does not disclose any reasonable method of providing such image data; and (b) image data of more than three primary colors, or conversion of known image formats into image data in terms of more than three primary colors, was not otherwise known in the art.

35. Upon information and belief, it is believed that the statement in para. 34 is a material misrepresentation with an intent to mislead the U.S. Patent and Trademark Office. Image data of more than three primary colors, and conversion of known image formats into image data in terms of more than three primary colors was, in fact, known in the art. It is believed that Patent Cooperation Treaty ("PCT") Application Nos. WO 97/42770 and WO 95/10160, both cited at column 3, lines 40-46 of the '152 patent, disclose image data of more than three primary colors, and conversion of known image formats into image data in terms of more than three primary colors.

36. The inventors (Ilan Ben-David and Moshe Ben-Chorin), and the prosecuting agents/attorneys and representatives (D'vorah Graeser, Reg. No. 40, 000; Caleb Pollack, Reg. No. 37,912; Guy Yonay, Reg. No. 52,388; Mark S. Cohen, Reg. No. 42,425; Zeev Pearl, Pearl Cohen Zedek Latzer LLP; Dekel Shiloh, Eitan & Shiloh, LLP; and Naim Shichrur, Reg. No.

7

56,428), owed a duty of disclosure, candor, and good faith to the U.S. Patent and Trademark Office. Upon information and belief, this duty was breached by the material misrepresentation contained in para. 34, with an intent to mislead the U.S. Patent and Trademark Office.

37. The Samsung Defendants reserve the right to amend their answer, especially with respect to any inequitable conduct that comes to light during discovery.

### Seventh Defense: Unavailability of Relief (Enhanced Damages)

38. Upon information and belief, Plaintiff has failed to plead and meet the requirements for enhanced damages.

### Eighth Defense: Failure to Provide Notice

39. Pursuant to the requirements of 35 U.S.C. § 287, Plaintiff is not entitled to recover any damages for actions occurring prior to the filing of the Complaint in this action.

### COUNTERCLAIMS

The Samsung Defendants plead the following counterclaims against Plaintiff Genoa Color Technologies, Ltd.:

### COUNT I

### (Declaratory Judgment of Patent Noninfringement)

1. This counterclaim arises under the patent laws of the United States, Title 35 U.S.C. This Court has subject matter jurisdiction over this counterclaim under 28 U.S.C. §§ 1331, 1367, 1338, 2201, and 2202.

2. SEC is a corporation organized under the laws of South Korea with its principal place of business in Seoul, South Korea.

3. SEA is a New York corporation with its principal place of business in New Jersey.

4. Upon information and belief, Plaintiff Genoa Color Technologies, Ltd. ("Genoa") is a corporation organized under the laws of Israel with its principal place of business at 10 Hasadnaot Street, Herliza 46733, Israel.

5. Plaintiff has filed suit against SEC and SEA in this district.

6. Plaintiff purports to be the owner of all rights, title, and interest in and to U.S. Patent No. 7,113,152 (the "'152 patent").

7. Plaintiff has alleged that SEC and SEA have infringed the '152 patent.

8. SEC and SEA have not infringed, contributed to the infringement of, or induced the infringement of any claim of the '152 patent, and are not liable for infringement thereof.

9. SEC and SEA have not infringed claim 1 of the '152 patent.

10. SEC and SEA have not infringed claim 2 of the '152 patent.

11. SEC and SEA have not infringed claim 3 of the '152 patent.

12. SEC and SEA have not infringed claim 4 of the '152 patent.

13. SEC and SEA have not infringed claim 5 of the '152 patent.

14. SEC and SEA have not infringed claim 6 of the '152 patent.

15. SEC and SEA have not infringed claim 7 of the '152 patent.

16. SEC and SEA have not infringed claim 8 of the '152 patent.

17. SEC and SEA have not infringed claim 9 of the '152 patent.

18. SEC and SEA have not infringed claim 10 of the '152 patent.

19. An actual, substantial controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between Plaintiff, on the one hand, and SEC and SEA, on the other hand, regarding noninfringement of the '152 patent.

20.   The controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

21.   SEC and SEA are entitled to a declaratory judgment of noninfringement.

## COUNT II

### (Declaratory Judgment of Patent Invalidity)

22.   The Samsung Defendants repeat and reallege paragraphs 1-7 of their Counterclaims, as if fully restated herein.

23.   The claims of the '152 patent are invalid for failing to comply with the provisions of the Patent Laws, Title 35 U.S.C., including without limitation one or more of 35 U.S.C. §§ 101, 102, 103, 112, and 135.

24.   Claims of the '152 patent are invalid for double patenting.

25.   An actual, substantial controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between Plaintiff, on the one hand, and SEC and SEA, on the other hand, regarding the invalidity of the '152 patent.

26.   The controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

27.   SEC and SEA are entitled to a declaratory judgment of invalidity.

## COUNT III

### (Declaratory Judgment of Patent Unenforceability)

28.   The Samsung Defendants repeat and reallege paragraphs 1-7 of their Counterclaims, as if fully restated herein.

29.   The '152 patent is unenforceable due to inequitable conduct before the United States Patent and Trademark Office ("PTO") by Genoa. Specifically, during prosecution of

Serial No. 09/710,895, which is the parent application of the '152 patent and now issued as U.S. Patent No. 6,870,523, Applicants made the following statement in an Amendment filed on October 23, 2002:

> Providing image data of the at least four independently selectable primary colors by conversion of standard three-primary-color video data, as disclosed in detail in the specification of the present application, would not have been obvious to a person of ordinary skill in the art in view of the teachings of Guerinot et al. because: (a) Guerinot et al. does not disclose any reasonable method of providing such image data; and (b) image data of more than three primary colors, or conversion of known image formats into image data in terms of more than three primary colors, was not otherwise known in the art.

30. Upon information and belief, it is believed that the statement in para. 29 is a material misrepresentation with an intent to mislead the U.S. Patent and Trademark Office. Image data of more than three primary colors, and conversion of known image formats into image data in terms of more than three primary colors was, in fact, known in the art. It is believed that Patent Cooperation Treaty ("PCT") Application Nos. WO 97/42770 and WO 95/10160, both cited at column 3, lines 40-46 of the '152 patent, disclose image data of more than three primary colors, and conversion of known image formats into image data in terms of more than three primary colors.

31. The inventors (Ilan Ben-David and Moshe Ben-Chorin), and the prosecuting agents/attorneys and representatives (D'vorah Graeser, Reg. No. 40, 000; Caleb Pollack, Reg. No. 37,912; Guy Yonay, Reg. No. 52,388; Mark S. Cohen, Reg. No. 42,425; Zeev Pearl, Pearl Cohen Zedek Latzer LLP; Dekel Shiloh, Eitan & Shiloh, LLP; and Naim Shichrur, Reg. No. 56,428), owed a duty of disclosure, candor, and good faith to the U.S. Patent and Trademark Office. Upon information and belief, this duty was breached by the material misrepresentation contained in para. 29, with an intent to mislead the U.S. Patent and Trademark Office.

32. The Samsung Defendants reserve the right to amend their counterclaims, especially with respect to any inequitable conduct that comes to light during discovery.

33. An actual, substantial controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between Plaintiff, on the one hand, and SEC and SEA, on the other hand, regarding the unenforceability of the '152 patent.

34. The controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

35. SEC and SEA are entitled to a declaratory judgment of unenforceability.

## PRAYER FOR RELIEF

WHEREFORE, the Samsung Defendants pray for the following relief:

A. The Court enter judgment against Plaintiff on, and dismiss with prejudice, its claims in its Complaint against SEC and SEA;

B. The Court enter a judgment declaring that the claims of the '152 patent are invalid and not infringed by SEC and SEA;

C. The Court enter a judgment declaring that the '152 patent is unenforceable;

D. The Court declare this an exceptional case pursuant to 35 U.S.C. § 285 and award to SEC and SEA their reasonable costs and attorney's fees, together with interest, including prejudgment interest, thereon; and

E. The Court grant to SEC and SEA such other and further relief as may be deemed just and appropriate.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. respectfully demand a trial by jury.

Respectfully submitted,

/s/ Philip A. Irwin

Covington & Burling LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
(212) 841-1000

Richard L. Rainey (admitted *pro hac vice*)
Roderick R. McKelvie (admitted *pro hac vice*)
Gregory S. Discher (admitted *pro hac vice*)
Peter A. Swanson (admitted *pro hac vice*)
1201 Pennsylvania Avenue, NW
Washington, DC 20004
(202) 662-6000

*Attorneys for Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.*

Dated: New York, New York
October 29, 2007