MORRISON & FOERSTER LLP
James E. Hough (JH 1066)
1290 Avenue of the Americas
New York, NY  10104-0050
212.468.8000
Vincent J. Belusko (admitted *pro hac vice*)
Adam J. LaVier (admitted *pro hac vice*)
555 West Fifth Street, Suite 3500
Los Angeles, CA 90013
213.892.5200
*Attorneys for Defendants*
Mitsubishi Electric Corp.
Mitsubishi Electric and Electronics USA, Inc.
Mitsubishi Digital Electronics America, Inc.
Mitsubishi Electric US Holdings, Inc.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GENOA COLOR TECHNOLOGIES, LTD.,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>MITSUBISHI ELECTRIC CORP.;<br>MITSUBISHI ELECTRIC US HOLDINGS, INC.; MITSUBISHI ELECTRIC AND ELECTRONICS USA, INC.; MITSUBISHI DIGITAL ELECTRONICS AMERICA, INC.; SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG ELECTRONICS AMERICA, INC.<br><br>　　　　　　　Defendants. | C.A. No. 07-6233 (PKC)<br><br>**AMENDED ANSWER OF DEFENDANT MITSUBISHI ELECTRIC CORP.** |

　　　　Defendant Mitsubishi Electric Corp. ("MELCO"), by and through its undersigned counsel, hereby answers the Complaint filed by Plaintiff Genoa Color Technologies, Ltd. ("Genoa"), and sets forth affirmative and other defenses as follows:

## PARTIES

1.MELCO is without sufficient information to admit or deny the allegations made in paragraph 1 of the Complaint and therefore denies each and every allegation of paragraph 1.

2.MELCO admits that it is incorporated in Japan, with its principal place of business at the Tokyo Bldg. 2-7-3, Marunouchi, Chiyoda-ku, Tokyo 100-8310, Japan.

3.MELCO admits that Mitsubishi Electric and Electronics USA, Inc. ("MEUS") is incorporated in Delaware, with its principal place of business at 5665 Plaza Drive, Cypress, California, 90630.

4.MELCO admits that Mitsubishi Digital Electronics America, Inc. ("MDEA") is incorporated in Delaware, with its principal place of business at 9351 Jeronimo Road, Irvine, California 92618.

5.MELCO admits that Mitsubishi Electric US Holdings, Inc. is incorporated in Delaware, is a wholly-owned subsidiary of MELCO, and is the umbrella organization for six US affiliates of MELCO.  Except as expressly admitted, MELCO denies the allegations of paragraph 5 of the Complaint.

6.MELCO is without sufficient information to admit or deny the allegations made in paragraph 6 of the Complaint and therefore denies each and every allegation of paragraph 6.

7.MELCO is without sufficient information to admit or deny the allegations made in paragraph 7 of the Complaint and therefore denies each and every allegation of paragraph 7.

## JURISDICTION AND VENUE

8.MELCO admits that MEUS and MDEA do business in this judicial district. MELCO admits that MDEA's WD-52631 televisions employing the 1080p DLP® 6-Color Light Engine have been sold and are currently being sold in this judicial district.  MELCO admits that MDEA's HD4000 WXGA DLP® Projectors have been sold and are currently being sold in this

judicial district. Except as expressly admitted, MELCO denies the allegations of paragraph 8 of the Complaint.

9. MELCO is without sufficient information to admit or deny the allegations made in paragraph 9 of the Complaint and therefore denies each and every allegation of paragraph 9.

10. MELCO admits that the Complaint purports to state claims for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1, et seq. MELCO admits that the Court has jurisdiction over this action under 28 U.S.C §§ 1331 and 1338(a) inasmuch as the Complaint purports to state claims for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1, et seq. Except as expressly admitted, MELCO denies each and every remaining allegation of paragraph 10.

11. MELCO is without sufficient information to admit or deny the allegations made in paragraph 11 of the Complaint and therefore denies each and every allegation of paragraph 11.

## CLAIM FOR RELIEF

## FACTS COMMON TO ALL COUNTS

12. MELCO admits that United States Patent Number 7,113,152 (the "'152 patent") issued on September 26, 2006, with the title "Device, System and Method for Electronic True Color Display." MELCO admits that a copy of the '152 patent appears to be attached to the Complaint. Except as expressly admitted, MELCO denies each and every remaining allegation of paragraph 12.

13. MELCO is without sufficient information to admit or deny the allegations made in paragraph 13 of the Complaint and therefore denies each and every allegation of paragraph 13.

## COUNT 1

14. MELCO is without sufficient information to admit or deny the allegations made in paragraph 14 of the Complaint and therefore denies each and every allegation of paragraph 14.

15. MELCO admits that MDEA is engaged in the business of selling televisions and projectors in the United States. Except as expressly admitted, MELCO denies each and every remaining allegation of paragraph 15.

16. MELCO denies each and every allegation of paragraph 16 as to MELCO.

17. MELCO denies each and every allegation of paragraph 17 as to MELCO.

18. MELCO denies each and every allegation of paragraph 18 as to MELCO.

19. MELCO denies each and every allegation of paragraph 19 as to MELCO.

20. MELCO denies each and every allegation of paragraph 20 as to MELCO.

## **COUNT II**

21. MELCO is without sufficient information to admit or deny the allegations made in paragraph 21 of the Complaint and therefore denies each and every allegation of paragraph 21.

22. MELCO is without sufficient information to admit or deny the allegations made in paragraph 22 of the Complaint and therefore denies each and every allegation of paragraph 22.

23. MELCO is without sufficient information to admit or deny the allegations made in paragraph 23 of the Complaint and therefore denies each and every allegation of paragraph 23.

24. MELCO is without sufficient information to admit or deny the allegations made in paragraph 24 of the Complaint and therefore denies each and every allegation of paragraph 24.

25. MELCO is without sufficient information to admit or deny the allegations made in paragraph 25 of the Complaint and therefore denies each and every allegation of paragraph 25.

26. MELCO is without sufficient information to admit or deny the allegations made in paragraph 26 of the Complaint and therefore denies each and every allegation of paragraph 26.

27.     MELCO is without sufficient information to admit or deny the allegations made in paragraph 27 of the Complaint and therefore denies each and every allegation of paragraph 27.

## COUNT III

28.     MELCO is without sufficient information to admit or deny the allegations made in paragraph 28 of the Complaint and therefore denies each and every allegation of paragraph 28.

29.     MELCO is without sufficient information to admit or deny the allegations made in paragraph 29 of the Complaint and therefore denies each and every allegation of paragraph 29.

30.     MELCO is without sufficient information to admit or deny the allegations made in paragraph 30 of the Complaint and therefore denies each and every allegation of paragraph 30.

31.     MELCO is without sufficient information to admit or deny the allegations made in paragraph 31 of the Complaint and therefore denies each and every allegation of paragraph 31.

32.     MELCO is without sufficient information to admit or deny the allegations made in paragraph 32 of the Complaint and therefore denies each and every allegation of paragraph 32.

## JURY TRIAL DEMAND

33.     MELCO admits that Genoa demands a trial by jury.

## AFFIRMATIVE DEFENSES

Without admitting or acknowledging that they bear the burden of proof as to any of them, MELCO asserts the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

34.     The causes of action against MELCO in the Complaint fail to state a claim upon which relief can be granted in favor of Genoa and against MELCO.

## SECOND AFFIRMATIVE DEFENSE

35.     This Court lacks personal jurisdiction over MELCO.

## THIRD AFFIRMATIVE DEFENSE

36.     On information and belief, the '152 patent is invalid because it fails to meet the conditions for patentability set forth in Title 35 of the United States Code, including 35 U.S.C. §§ 102, 103, 112 and/or 135.

## FOURTH AFFIRMATIVE DEFENSE

37.     The prior art known before the alleged invention covered by the '152 patent limits and restricts the scope of the '152 patent so that MELCO, MEUS, MDEA, and Mitsubishi Electric US Holdings, Inc. do not infringe the '152 patent.

## FIFTH AFFIRMATIVE DEFENSE

38.     On the basis of the prosecution history of the '152 patent and related patent applications, Genoa's claims against MELCO, MEUS, MDEA, and Mitsubishi Electric US Holdings, Inc. are barred, in whole or in part, by prosecution history estoppel.

## SIXTH AFFIRMATIVE DEFENSE

39.     The '152 patent is unenforceable due to inequitable conduct before the U.S. Patent and Trademark Office ("PTO") by Genoa. During prosecution of Serial No. 09/710,895, which is the parent application of the '152 patent and now issued as U.S. Patent No. 6,870,523, Applicants made the following statement in an Amendment filed on October 23, 2002:

> Providing image data of the at least four independently selectable primary colors by conversion of standard three-primary-color video data, as disclosed in detail in the specification of the present application, would not have been obvious to a person of ordinary skill in the art in view of the teachings of Guerinot et al. because:  (a) Guerinot et al. does not disclose any reasonable method of providing such image data; and (b) image data of more than three primary colors, or conversion of known image formats into image data in terms of more than three primary colors, was not otherwise known in the art.

40. Upon information and belief, it is believed that the statement in paragraph 39 is a material misrepresentation with an intent to mislead the U.S. PTO. Image data of more than three primary colors, and conversion of known image formats into image data in terms of more than three primary colors was, in fact, known in the art. It is believed that Patent Cooperation Treaty ("PCT") Application Nos. WO 97/42770 and WO 95/10160, both cited at column 3, lines 40-46 of the '152 patent, disclose image data of more than three primary colors, and conversion of known image formats into image data in terms of more than three primary colors.

41. The inventors (Ilan Ben-David and Moshe Ben-Chorin), and the prosecuting agents/attorneys and representatives (D'vorah Graeser, Reg. No. 40,000; Caleb Pollack, Reg. No. 37,912; Guy Yonay, Reg. No. 52,388; Mark S. Cohen, Reg. No. 42,425; Zeev Pearl, Pearl Cohen Zedek Latzer LLP; Dekel Shiloh, Eitan & Shiloh, LLP; and Naim Shichrur, Reg. No. 56,428), owed a duty of disclosure, candor, and good faith to the U.S. PTO. Upon information and belief, this duty was breached by the material misrepresentation contained in paragraph 39, with an intent to mislead the U.S. PTO.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant MELCO prays:

A. That Genoa take nothing;

B. That the Court dismiss the Complaint with prejudice;

C. That the Court find that MELCO has not infringed the patents in suit;

D. That the Court find the patents in suit invalid;

E. That this case be deemed exceptional pursuant to 35 U.S.C. § 285 and that MELCO be awarded attorneys' fees.

F. That MELCO be awarded its taxable costs and disbursements; and

G. That MELCO be awarded such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

MELCO demands a trial by jury of any and all issues triable as of right by a jury in this action.

Dated: Los Angeles, California
November 20, 2007

        Respectfully submitted,

        MORRISON & FOERSTER LLP

        By: /s/ Adam J. LaVier

        James E. Hough (JH 1066)
        1290 Avenue of the Americas
        New York, NY 10104-0050
        212.468.8000
        Vincent J. Belusko (admitted *pro hac vice*)
        Adam J. LaVier (admitted *pro hac vice*)
        555 West Fifth Street, Suite 3500
        Los Angeles, CA 90013
        213.892.5200
        *Attorneys for Defendants*
        Mitsubishi Electric Corp.
        Mitsubishi Electric and Electronics USA, Inc.
        Mitsubishi Digital Electronics America, Inc.
        Mitsubishi Electric US Holdings, Inc.

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system on this 20th day of November, 2007, pursuant to Local Rule 5.2 and Federal Rule of Civil Procedure 5.

> By: /s/ Adam J. LaVier
> Adam J. LaVier