THE UNITED STATES DISTRICT COURT FOR
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-14-07
```

-------------------------------------------------------X

GENOA COLOR TECHNOLOGIES, LTD.,⟩
⟩
Plaintiff,⟩
⟩
v.⟩
⟩
MITSUBISHI ELECTRIC CORP.;⟩
MITSUBISHI ELECTRIC US HOLDINGS, INC.⟩
MITSUBISHI ELECTRIC AND⟩
ELECTRONICS USA, INC.;⟩
MITSUBISHI DIGITAL ELECTRONICS⟩
AMERICA, INC.; SAMSUNG⟩
ELECTRONICS CO., LTD.; SAMSUNG⟩
ELECTRONICS AMERICA, INC.⟩
⟩
Defendants.⟩

-------------------------------------------------------X

Civil Action No. 07-CV-6233

(JURY TRIAL DEMANDED)

## Stipulated Protective Order

THIS MATTER comes before the Court upon the request of the Plaintiff Genoa Color

Technologies, Ltd. ("Genoa") and the Defendants Mitsubishi Electric Corp., Mitsubishi Electric

US Holdings, Inc., Mitsubishi Electric and Electronics America, Inc., Mitsubishi Digital

Electronics America, Inc., Samsung Electronics Co., Ltd., and Samsung Electronics America,

Inc., (collectively, the "Parties"), for an Order pursuant to Rule 26(c) of the Federal Rules of

Civil Procedure ("FRCP") to protect confidential information during discovery and trial. The

Court has determined that it is appropriate to enter an Order for that purpose. It is therefore

ORDERED that:

1.    *Applicability.* The confidentiality provisions of this Order shall apply to all

depositions, productions of documents, answers to interrogatories, responses to requests for

admissions, and all other discovery taken pursuant to the FRCP and any other information that a

disclosing party may designate as protected in connection with this action.

2.    *Third Parties.* The terms "disclosing party" and "producing party" encompass not only the parties to this action but third parties who may disclose or produce information (e.g., in response to a subpoena).

3.    *"Confidential Information"* means information in written, oral, electronic, graphic/pictorial, audiovisual, or other form, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, or any other form of evidence or discovery contemplated under Rules 26 through 36 of the FRCP:

(a)    which is designated as such by the producing party or any Party, and

(b)    which, in the good faith opinion of the designating party, (i) constitutes or contains a trade secret or other confidential research, development, proprietary, or commercial information, or (ii) would violate an obligation of confidentiality to a third person, including a court.

4.    *"Highly Confidential-Outside Counsels' Eyes Only Information"* means information that is designated as such by the producing party or any Party and that:   (i) constitutes or contains confidential information, as defined in paragraph 3; and (ii) the disclosure of which may result in competitive harm to the designating party.

5.    *Exceptions to Confidentiality Status.* Information will not be deemed protected, and the parties shall use reasonable efforts to ensure that information is not designated as such, if the content or substance thereof:

(a)    is at the time of production or disclosure, or subsequently becomes, through no wrongful act or failure to act on the part of the receiving party, generally available to the relevant public through publication or otherwise;

2

(b)    is already legitimately in the possession of the receiving party at the time of production;

(c)    is disclosed to the receiving party by a third party without breach of an obligation of confidence to the producing party;

(d)    is developed independently by a party as reflected in written documents prepared prior to disclosure by the producing party; or

(e)    is contained in issued patents or printed publications through no fault of the non-producing party.

6.    *Designation of Documents.*  Information being designated as protected that is in documentary or other tangible form, including responses to interrogatories, other discovery requests or responses, affidavits, briefs, memoranda or other papers filed with the Court, shall be labeled by marking the initial page and the page or pages on which any Confidential Information appears with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-OUTSIDE COUNSELS' EYES ONLY," as appropriate, prior to the filing thereof or the production or service thereof by the producing party upon another party.

A party may designate in writing within fifteen (15) days after production of documents or information by a third party through compulsory process or with the authorization of a party that some or all of the produced documents or information be treated as Confidential or Highly Confidential-Outside Counsels' Eyes Only.  The designation shall contain a list identifying the information so designated and specifying the appropriate confidentiality designation.  Upon receiving a designation in accordance with this paragraph, any Party in possession of such information shall label and treat it according to the designation.  Any party receiving documents from a third party through compulsory process or with the authorization of a party shall treat said

3

documents as "Highly Confidential-Outside Counsels' Eyes Only" for fifteen (15) days following their receipt.

7.    *Designation of Other Disclosures.*  Information being designated as protected that is not in documentary or other tangible form, or that cannot conveniently be labeled, shall be designated and/or categorized by the disclosing party in a writing provided to the receiving party at the time of production.

8.    *Designation of Deposition Testimony.*   The following procedures shall be followed if protected information of a producing party is discussed or disclosed in a deposition:

(a)    The producing party or any Party shall have the right to exclude from attendance at the deposition, during such time as the protected information is to be discussed or disclosed, any person other than the deponent, the court reporter, and persons permitted under paragraphs 11(a) or 11(b), whichever the case may be.

(b)    The protected information shall be designated as "Confidential" or "Highly Confidential-Outside Counsels' Eyes Only" at the request of counsel for the producing party or any Party.

(c)    If a request under subparagraph (b) is made on the record during the deposition, the reporter shall indicate on the cover page of the transcript that the transcript contains "Confidential" or "Highly Confidential-Outside Counsels' Eyes Only" information and additionally shall separately bind and identify as "Confidential" or "Highly Confidential-Outside Counsels' Eyes Only" the portions of the transcript in which such information is contained.

(d)    Alternatively, a request under subparagraph (b) may be made in writing within thirty (30) days after the requesting counsel receives a final copy of the transcript of the deposition.  The request shall contain a list of the number of the pages and lines of the transcript

4

that are to be designated as containing "Confidential" or "Highly Confidential-Outside Counsels'

Eyes Only" information, and specific designations for each item or group of items on the list.

The list shall be set forth on one or more separate pieces of paper, the first one of which shall

bear the caption of the action and which shall also set forth information sufficient to identify the

deposition, i.e., the name of the deponent and the date of the deposition.  Whether or not a

designation is made at the time of a deposition, all depositions shall be treated as containing

Highly Confidential-Outside Counsels' Eyes Only Information from the taking of the deposition

until thirty (30) days after receipt of the transcript, or until receipt of the notice referred to in this

paragraph, whichever occurs sooner.

    9.    *Challenges to Confidentiality Designations.*  Nothing in this Protective Order, or

in the consent of the parties appended thereto, shall foreclose or limit any of the parties from

asserting that any information designated as Confidential Information or as Highly Confidential-

Outside Counsels' Eyes Only Information pursuant to this Protective Order is, in fact, not

entitled to protection under this Order, or in the case of information designated as Highly

Confidential-Outside Counsels' Eyes Only, that such information is not entitled to Highly

Confidential-Outside Counsels' Eyes Only status under this Protective Order.  The burden of

proving that the information has been properly designated as protected is on the party making

such designation.  Notwithstanding any other provision in this Order, any party may seek a

separate order from the Court limiting the public disclosure of Confidential Information or

Highly Confidential-Outside Counsels' Eyes Only Information at trial.

    In the event that either party to this litigation objects at any point in these proceedings to

a designation of information made by a producing party, that party shall promptly notify the

producing party in writing of its objections and shall in the same writing set forth the reasons for

5

its objections.  The producing party shall respond in writing within ten (10) calendar days of receipt of such objections from the objecting party by either (i) withdrawing the designation of information to which the objecting party has objected; or by (ii) notifying the objecting party that it refuses to withdraw the designation and by setting forth the reasons for such refusal.  Upon receipt of a notification of such a refusal, the objecting party may apply to the Court for appropriate relief, including, but not limited to, an order requiring the producing party to remove the designation of information.  Until the Court finally determines the merits of the objecting party's request for relief under this paragraph, the objecting party shall treat the designation information according to the designation applied by the producing party.  The parties may, by written stipulation, provide for exceptions to this Order.

    10.    *Filing Confidential Material with the Court.*  The Parties shall adhere to the following procedures when filing confidential material with the Court:

        (a)    Except as agreed in writing by counsel of record, to the extent that any Confidential Information or Highly Confidential-Outside Counsels' Eyes Only Information is, in whole or in part, contained in, incorporated in, disclosed in, or attached to any pleading, motion, memorandum, appendix, or other judicial filing, counsel shall file under seal that portion of the submission containing Confidential Information or Highly Confidential-Outside Counsels' Eyes Only Information and that portion filed under seal shall be designated and treated as a "Sealed Document."  If Confidential Information or Highly Confidential-Outside Counsels' Eyes Only Information is incorporated into memoranda or other pleadings filed with the court, counsel shall prepare two versions of the pleadings, a public and a confidential version.  The public version shall contain a redaction of references to Confidential Information or Highly Confidential-Outside Counsels' Eyes Only Information.  The confidential version shall be a full and complete

version of the pleadings and shall be filed with the Clerk under seal as above.

(b)     Disclosure of any portion of the transcript of a deposition that reflects or contains Confidential Information or Highly Confidential-Outside Counsels' Eyes Only Information shall be subject to the terms of this Order, and if filed with the Court, such portion containing Confidential Information or Highly Confidential-Outside Counsels' Eyes Only Information shall be filed as a Sealed Document.

(c)     All Sealed Documents, filed under seal pursuant to this Order, shall be filed in a sealed envelope and shall remain under seal until such time as this Court orders otherwise. Such Sealed Documents shall be identified with the caption of this action, a general description of the sealed contents and shall bear the following legend, which shall also appear on the sealed envelope:

**CONFIDENTIAL**

DOCUMENTS SUBJECT TO A PROTECTIVE ORDER ENTERED [DATE OF ORDER]. THE PAPERS IDENTIFIED ABOVE AND CONTAINED IN THIS ENVELOPE HAVE BEEN DESIGNATED AS CONFIDENTIAL MATERIAL AND ARE SUBJECT TO A STIPULATED PROTECTIVE ORDER ENTERED BY THE COURT. THIS ENVELOPE SHALL NOT BE OPENED NOR THE CONTENTS THEREOF DISPLAYED OR REVEALED EXCEPT BY ORDER OF THE COURT OR BY WRITTEN AGREEMENT OF THE PARTIES. VIOLATION THEREOF MAY BE REGARDED AS CONTEMPT OF COURT.

(d)     The Clerk of the Court shall maintain Sealed Documents separate from the public records in this action, intact and unopened except as otherwise directed by the Court. Such Sealed Documents shall be released by the Clerk of the Court only

7

upon further order of the Court. The Court shall be permitted to review any material submitted under seal for any purpose relating to this action.

11.    (a)    *Access to and Use of Confidential Information.*  Any and all information that has been designated by the disclosing party as "Confidential Information" during the course of this action shall be maintained subject to the following restrictions:

(1)    It shall be used only for the purposes of this action and not for any business or other purposes whatsoever. The persons receiving the information in question shall not disclose it to any other person except in conformance with this Order;

(2)    It shall not be given, shown, made available to, or communicated in any way to anyone other than:

(i)    outside counsel for any Party and paralegals, legal assistants, secretaries, project assistants and office personnel regularly employed by such outside counsel and assigned to assist such attorneys, and outside copying, language translation, and other services personnel as reasonably necessary to perform services under the supervision of outside counsel of record;

(ii)    consulting and testifying experts, subject to the provisions of Paragraphs 11(d) and 12(a);

(iii)    three officers, directors or employees of each Party who have been designated to receive Confidential Information who have been given a copy of this Protective Order and who have executed an Agreement in the form of Exhibit A attached hereto (such employees will be referred to hereinafter as "Designated Employees");

(iv)    a director, officer, employee, or agent of the receiving party with respect to information previously received by the receiving party prior to July 5, 2007; and

8

(v)    the Court, court reporters, and court personnel, in any further proceeding herein.

(b)    *Access to and Use of Highly Confidential-Outside Counsels' Eyes Only Information.*  Any and all information that has been designated by the disclosing party as "Highly Confidential-Outside Counsels' Eyes Only Information" during the course of this action shall be maintained subject to the following restrictions:

(1)    It shall be used only for the purposes of this action and not for any business or other purposes whatsoever.  The persons receiving the information in question shall not disclose it to any other person except in conformance with this Order;

(2)    It shall not be given, shown, made available to, or communicated in any way to anyone other than:

(i)    outside counsel for any Party and paralegals, legal assistants, secretaries, project assistants and office personnel regularly employed by such outside counsel and assigned to assist such attorneys, and outside copying, language translation, and other services personnel as reasonably necessary to perform services under the supervision of outside counsel of record;

(ii)    consulting and testifying experts, subject to the provisions of Paragraphs 11(d) and12(a);

(iii)    a director, officer, employee, or agent of the receiving party with respect to information previously received by the receiving party prior to July 5, 2007; and

(iv)    the Court, court reporters, and court personnel, in any further proceeding herein.

(3)    To the extent any source code is produced, it may be disclosed

9

only to those persons described in paragraph 11(b)(2) and in strict accordance with the following procedures:

(i)     Source code will be provided on a standalone computer, with all ports and software or similar avenues that could be used to copy or otherwise transfer data blocked, at an office of outside counsel for the producing person, or at such other locations as shall be mutually agreed to by the Parties.

(ii)     Only outside counsel shall have access to the computer work station described in Paragraph (b)(3)(i).  At least ten (10) business days in advance of the day on which they intend to examine said source code, outside counsel shall provide a list of the names of outside counsel who wish to have access to materials designated as Highly Confidential Outside Counsels' Eyes Only Information.  In the event the producing party objects, it shall do so in accordance with the terms of Paragraph 9.  Pending resolution of said objection, the outside counsel shall not have access to said source code.  All attorneys shall sign a log prior to and after accessing said work station, indicating the identity of each person granted access, the time during which the person has had access, and whether hard copies are made.

(iii)     Reviewing counsel shall not have the right to take electronic copies of said source code, or to otherwise transmit electronic versions of such material.  A printer shall be attached to the computer and shall allow the reviewing counsel to make hard copies of materials that they, in good faith, consider relevant.  All pages printed in this manner shall include a conspicuous designation identifying the material as Highly Confidential Outside Counsels' Eyes Only Information.  The producing Party shall be entitled to a copy of such materials printed by the reviewing Party.

(iv)     Because source code received under this Protective Order

10

may be subject to export controls under the laws of the United States and other applicable laws, the receiving party shall comply with such laws and agrees not to knowingly export, re-export, or transfer the source code of the producing party without first obtaining all required United States or any other applicable authorizations or licenses.

(v)    Consulting and testifying experts who are not employees of any Party and who have executed an Agreement in the form of Exhibit A attached hereto may have access to the hard copies printed by outside counsel, subject to the provisions of Paragraphs 11(d) and 12(a).

(4)    Highly Confidential-Outside Counsels' Eyes Only Information may not be disclosed to anyone other than the persons described in paragraph 11(b)(2) without Order of the Court, which the Party requesting disclosure may apply for in due course, or by written agreement of the designating Party.

(c)    Any person to whom Confidential Information or Highly Confidential Outside Counsels' Eyes Only Information is disclosed shall be barred from direct or indirect involvement in the preparation or prosecution of any patent applications (including applications filed under the Patent Cooperation Treaty, and/or any related patent applications such as continuation, divisional, or continuation-in-part applications), reissue proceedings, or reexaminations of patents relating to the technology at issue in the Litigation, including but not limited to U.S. Patent No. 7,113,152, U.S. Patent No. 6,870,523, U.S. Patent No. 6,962,414, U.S. Patent No. 7,077,524, U.S. Patent No. 7,268,757, U.S. provisional application no. 60/209,771, U.S. provisional application no. 60/371,419, U.S. application no. 09/710,895, U.S. 2004/0100589, U.S. 2005/0031199, U.S. 2005/0122294, U.S. 2007/10176948, U.S. 2007/10024529, PCT Pub. No. WO01/95544, PCT No. PCT/IL01/0052 7, and to applications

11

that claim priority to or through the aforementioned patents and applications. This prohibition shall not extend to (i) individuals who receive only financial Confidential Information and/or information pursuant to paragraphs 11(a)(2)(iv) or 11(b)(2)(iii); or (ii) other individuals employed by the same law firm or company, so long as any individuals who have or had access to Confidential Information or to Highly Confidential Outside Counsels' Eyes Only Information (except with respect to individuals receiving information pursuant to clause 11(c)(i)) are walled off from current or future prosecution-related activities relating to the patents and applications listed above.

(d)     *Consulting and Testifying Experts.*     Prior to disclosing Confidential Information or Highly Confidential Outside Counsels' Eyes Only Information to consulting or testifying experts who are not employees of any Party, the disclosing Party shall obtain from said experts an executed Agreement in the form of Exhibit A attached hereto and produce said executed Agreement, and any attachments to said executed Agreement, to the Party producing said Confidential Information or Highly Confidential Outside Counsels' Eyes Only Information. The disclosing party shall also (1) produce a copy of the Expert's resume, (2) identify the Expert's current employer(s); (3) identify each person or entity from whom the Expert has received compensation for work in his or her areas of expertise or to whom the Expert has provided professional services at any time during the preceding five years (except such engagements that the expert is prohibited from disclosing by reason of confidentiality obligations); and (4) identify (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has provided expert testimony during the preceding five years. Upon service of the executed Agreement in Exhibit A and identification of the expert(s) as set forth above, any producing Party shall have ten (10) days from the date of

12

service to object. Such objection must be for good cause, stating with particularity the reasons for the objection, and must be in writing and served on all Parties. Failure to object within ten (10) days from the service of the referenced undertaking shall constitute approval. If the parties are unable to resolve objections, application may be made to the Court to resolve the matter.

12.    *Disclosure in Certain Circumstances.*  Nothing in this Order shall preclude a Party or its attorneys from:

(a)    showing a document designated as protected to an individual who either prepared or reviewed the document prior to the filing of this action, or is shown by the document to have received it,

(b)    disclosing or using, in any manner or for any purpose, any information or documents from the Party's own files that the Party itself has designated as protected, or

(c)    examining a witness in any deposition concerning a document or thing containing Confidential Information or Highly Confidential-Outside Counsels' Eyes Only Information with the consent of the Party designating such Confidential Information or Highly Confidential-Outside Counsels' Eyes Only Information (which consent shall not be unreasonably withheld).

13.    *Return of Confidential Information and Highly Confidential-Outside Counsels' Eyes Only Information.*  Within sixty (60) days after the conclusion of this action, including all appeals, all documents, objects, and other materials produced or designated as Confidential Information or Highly Confidential-Outside Counsels' Eyes Only Information, and all reproductions thereof, shall be returned to the producing Party or shall be destroyed, at the option of counsel in possession of such copies. Whether returned or destroyed, counsel shall provide written notice thereof to the designating Party. Insofar as the provisions of this and any other

13

Protective Order entered in this action restrict the communication and use of information produced thereunder, such Order shall continue to be binding after the conclusion of this litigation except (a) that there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal); and (b) that a Party may seek the written permission of the producing party or further order of the Court with respect to dissolution or modification of any such Protective Order. The outside attorneys of record for each Party shall be entitled to retain all pleadings, motion papers, discovery responses (other than the other Parties' produced documents containing Confidential Information or containing Highly Confidential-Outside Counsels' Eyes Only Information), deposition transcripts, legal memoranda, correspondence, and work product.

14.    *Advice of Counsel.* Nothing in this Order shall bar or otherwise restrict any counsel of record herein from rendering advice to his client with respect to this litigation and, in the course thereof, relying upon information learned from Confidential Information or Highly Confidential-Outside Counsels' Eyes Only Information produced or exchanged herein; provided, however, that in rendering such advice and in otherwise communicating with his client, the attorney shall not reveal the substance of any Confidential Information or Highly Confidential-Outside Counsels' Eyes Only Information or the existence or identity of specific documents containing the Confidential Information or the Highly Confidential-Outside Counsels' Eyes Only Information. However, counsel of record may discuss any Confidential Information, but not any Highly Confidential-Outside Counsels' Eyes Only Information, with the Designated Employees.

15.    *Notice.* If a Party believes that inspection or photography of a Party's products pursuant to FRCP 34 will reveal or disclose information that is in good faith deemed Confidential Information or Highly Confidential-Outside Counsels' Eyes Only Information, that

14

Party shall advise in advance the Party or Parties seeking such discovery that the inspection or photographing will be permitted only on a Confidential or Highly Confidential-Outside Counsels' Eyes Only basis, and that the material discovered, and any information derived from that material, shall be treated as Confidential Information or as Highly Confidential-Outside Counsels' Eyes Only Information, as appropriate.  If either in advance, or within thirty (30) business days after such inspection or photographing takes place, a Party fails to advise the Party or Parties seeking discovery that such inspection or photographing will be permitted only on a Confidential or Highly Confidential-Outside Counsels' Eyes Only basis, any confidentiality is waived unless otherwise stipulated or ordered.  Nothing contained herein shall prevent a Party from seeking further protection as appropriate in a particular situation within the scope of this paragraph.

16.    *Inadvertent Production Without Designation.*  If a producing Party, through inadvertence, or otherwise, permits deposition testimony to be given or produces any undesignated information which it subsequently determines ought to be designated "Confidential" or "Highly Confidential-Outside Counsels' Eyes Only" in accordance with the provisions of this Protective Order, such producing Party may give written notice to the receiving Party that the deposition testimony or information so produced is to be treated as the "Confidential" or "Highly Confidential-Outside Counsels' Eyes Only" information of the party, as the case may be, and that the receiving Party should treat such deposition testimony or information in accordance with the provisions of this Protective Order.  Upon receiving notice under this provision, the receiving Party shall treat such deposition testimony or information as if it had been designated as "Confidential" or as "Highly Confidential-Outside Counsels' Eyes Only" at the time it was produced by the producing Party.  Disclosure by the receiving Party,

15

prior to the receipt of such notice, of such deposition testimony or information, to persons not authorized to receive Confidential Information or Highly Confidential-Outside Counsels' Eyes Only Information, shall not be deemed a violation of this Protective Order, nor shall it defeat any claim made by a producing Party under this provision that such deposition testimony or information no longer qualifies as Confidential information or Highly Confidential-Outside Counsels' Eyes Only information. If information disclosed by a witness at any deposition is later designated as "Confidential" or "Highly Confidential-Outside Counsels' Eyes Only," all persons in attendance who, by virtue of the terms of this Protective Order, do not have access to such information, shall be given a copy of this Protective Order and shall be requested to execute an agreement in the form of Exhibit A.

17.    *Privileged Information.*    Nothing contained in this Protective Order shall be construed to require production of Confidential Information or Highly Confidential-Outside Counsels' Eyes Only Information that is privileged or otherwise protected from discovery. If a Party inadvertently produces any document or information that the producing Party believes is immune from discovery pursuant to the attorney-client privilege and/or the work-product doctrine, such production shall not be deemed a waiver of any such privilege or doctrine, and such Party may give written notice to the receiving Party that the document or information produced is deemed privileged and that return of the document or information is requested. Upon receipt of such written notice, the receiving Party shall immediately gather the original and all copies of the document or information of which the receiving Party is aware and shall immediately return the original and all such copies to the producing Party. The receiving Party may not contend that the inadvertent production of such documents or information constitutes a waiver. The return of the document(s) and/or information to the producing Party shall not,

however, preclude the receiving Party from later moving the Court to compel production of the returned documents and/or information on the ground that the documents and/or information are not in fact privileged or otherwise protected from discovery.

18.     *Privilege Logs.* The Parties agree that production of documents will occur on a rolling basis, and that privilege logs shall be produced no later than 45 days after completion of a given production. Final privilege logs shall be due 60 days prior to the close of fact discovery. The Parties also agree that privileged or immune material that has been created during the course of this litigation as part of the Parties' efforts to prosecute or defend against the claims raised in the pleadings should not be included on a privilege log.

19.     *Third Parties.* In the event that a Party seeks discovery from a nonparty to this action, the nonparty may invoke the terms of this Order in writing to all Parties with respect to any Confidential Information or Highly Confidential-Outside Counsels' Eyes Only Information to be provided to the requesting Party by the nonparty.

20.     *No Waiver of Right or Obligation to Object to Production.* Nothing contained in this Order shall be construed as a waiver by any Party of its right to object to the subject matter of any request for production of documents in this action, nor as a waiver by any Party of its obligation to respond properly to discovery requests.   The entry of this Order shall not be construed as an agreement by any Party to produce any documents or to supply any information and shall not constitute an admission that any such documents that may exist are relevant or material in any way to the issues raised in the pending action or admissible in such action, nor as a waiver of any privilege with respect thereto.

21.     *Transmission of Confidential Information and of Highly Confidential-Outside Counsels' Eyes Only Information.*   Nothing in this Protective Order shall prohibit the

17

transmission or communication of Confidential or Highly Confidential-Outside Counsels' Eyes Only Information to persons authorized to receive same pursuant to this Protective Order by hand delivery; face-to-face conference; in sealed envelopes or containers via the mail or an established freight, delivery, or messenger service, or by email, telephone, telegram, facsimile or other electronic transmission system if, under the circumstances, there is no reasonable likelihood that the transmission will be intercepted and misused.

22.    *Continuing Jurisdiction.*  This Order shall survive the final conclusion of the action, and this Court retains jurisdiction of the Parties, and of any person who executes a copy of <u>Exhibit A</u>, indefinitely as to any dispute between any of them regarding improper use of information disclosed pursuant to this Order.

23.    *Requests for Additional, or Relief from, Protection.*  This Order is without prejudice to the right of any Party to seek relief from the Court, upon good cause shown, from any of the restrictions provided above (subject to the meet-and-confer requirements set forth in paragraph 9 above) or to impose additional restrictions on the disclosure of any information or material produced.  Any designating Party shall have the right to waive, explicitly, all or part of the protections hereunder as to its own Confidential Information or Highly Confidential-Outside Counsels' Eyes Only Information.

24.    *Designations Not Evidence.*  This Order has been agreed to by the Parties to facilitate discovery and the production of relevant evidence in this action.  Neither the entry of this Order, nor the designation of any information, document, or the like as Confidential Information or Highly Confidential-Outside Counsels' Eyes Only Information, nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

18

25.    *Action by the Court and Use of Information at Trial.*

(a)    Applications to the Court for an order relating to Confidential Information or Highly Confidential-Outside Counsels' Eyes Only Information shall be by motion under Federal Rule of Civil Procedure 7(b) and the Local Rules of the U.S. Southern District of New York. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

(b)    A party which intends to present or which anticipates that another party may present at trial Confidential Information or Highly Confidential-Outside Counsels' Eyes Only Information shall identify the issue, not the information, in the pretrial memorandum. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

26.    *Treatment of Confidential Information Produced by Third Parties.* If in the course of this action discovery is sought form third parties which would require such third parties to disclose and/or produce Confidential or Highly Confidential-Outside Counsels' Eyes Only information, such third party may gain the protections of this Protective Order by agreeing in writing to produce documents pursuant to this Protective order and to be bound by it. No further order of the Court shall be necessary to extend the protections of this Protective Order to a third party.

19

**AGREED TO BY THE PARTIES, THROUGH THEIR COUNSEL OF RECORD:**

Dated: 12/14/07          Dated: 12/14/07          Dated: 12/14/07

Sibley P. Reppert
LAHIVE & COCKFIELD
LLP
One Post Office Square
Boston, MA 02109
Tel: (617) 227-7400
Fax: (617) 549-2412

Lee A. Goldberg (LG-9423)
Nathaniel Buchek (NB-0246)
PEARL, COHEN ZEDEK
LATZER, LLP
1500 Broadway, 12th Floor
New York, New York 10036
Tel: (646) 878-0800
Fax: (646) 878-0801

Vincent J. Belusko
Adam J. LaVier
MORRISON FOERSTER
555 West Fifth Street
Suite 3500
Los Angeles, California
90013
Tel: (213) 892-5200
Fax: (213) 892-5454

James E. Hough
MORRISON FOERSTER
1290 Avenue of the Americas
New York, New York 10104
Tel: (212) 468-8000
Fax: 212-468-7900

Richard L. Rainey
Roderick R. McKelvie
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004
Tel: (202) 662-6000
Fax: (202) 662-6291

Attorneys for Plaintiff
*Genoa Color Technologies,
Ltd.*

Attorneys for Defendants
*Mitsubishi Electric Corp.,
Mitsubishi Electric US
Holdings, Inc., Mitsubishi
Electric and Electronics
USA, Inc., Mitsubishi Digital
Electronics*

Attorney for Defendants
*Samsung Electronics Co., Ltd.,
and Samsung Electronics
America, Inc.*

SUBJECT TO ADDENDUM

**IT IS SO ORDERED** on this 14th day of December, 2007.

U.S.D.J. P. Kevin Castel

20

## EXHIBIT A

THE UNITED STATES DISTRICT COURT FOR
SOUTHERN DISTRICT OF NEW YORK

```
-----------------------------------------------------------X
                                    )
GENOA COLOR TECHNOLOGIES, LTD.,     )
                                    )
          Plaintiff,                )
                                    )
          v.                        )       Civil Action No. 07-CV-6233
                                    )
MITSUBISHI ELECTRIC CORP.;          )       (JURY TRIAL DEMANDED)
MITSUBISHI ELECTRIC US HOLDINGS, INC. )
MITSUBISHI ELECTRIC AND             )
ELECTRONICS USA, INC.;              )
MITSUBISHI DIGITAL ELECTRONICS      )
AMERICA, INC.; SAMSUNG              )
ELECTRONICS CO., LTD.; SAMSUNG      )
ELECTRONICS AMERICA, INC.           )
                                    )
          Defendants.               )
-----------------------------------------------------------X
```

### Exhibit A:  ACKNOWLEDGMENT AND
### CONSENT TO STIPULATED PROTECTIVE ORDER

I, _____, state: I reside at _____;

I have read the foregoing Protective Order entered by the Court in the action captioned above.

FOR EXPERTS AND CONSULTANTS: I have been engaged as a consultant on behalf of _____ in the action captioned above. Attached is my resume, which includes at least the following information:

1. my current employer(s), position(s), and duration and subject matter of employment;

2. each person or entity from whom I have received compensation for work in my area of expertise or to whom I have provided professional services at any time during the preceding five years (except such engagements that I am prohibited from disclosing by reason of confidentiality obligations);

3. any past or present employment or consulting arrangement that I or my spouse has had with any of the parties in this case, including position(s), and duration and subject matter of employment; and

4. any litigation (by name and number of the case, filing date, and location of court) in connection with which I have provided expert testimony during the preceding five years.

21

I am fully familiar with and agree to comply with and be bound by the provisions of said Order. I understand that I am to retain all copies of any documents or things designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL-OUTSIDE COUNSELS' EYES ONLY in a secure place reasonably inaccessible to others, and that all copies are to remain in my personal custody until I have completed my assigned duties, whereupon the copies and any writings prepared by me containing any information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL-OUTSIDE COUNSELS' EYES ONLY are to be returned to counsel who provided me with such material.

I will take reasonable steps to ensure material is not divulged to persons other than those specifically authorized by said Protective Order, and will not copy or use such material except solely for the purpose of these actions, any information obtained pursuant to said Protective Order, except as provided in said Protective Order. I also agree to notify any stenographic or clerical personnel who are required to assist me of the terms of said Protective Order.

I consent to the jurisdiction of the United States District Court for the Southern District of New York for purposes of enforcing my obligations hereunder, and submit to that Court's authority for any violations hereunder.

I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: _____, 2007.


_____
(Signature)

22