UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

GENOA COLOR TECHNOLOGIES, LTD.,

                    Plaintiff,

     -against-

SAMSUNG ELECTRONICS AMERICA, INC., et al.,

                    Defendants.
-----------------------------------------------------------x

07 Civ. 6233 (PKC)

MEMORANDUM AND ORDER

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/12/08

P. KEVIN CASTEL, U.S.D.J.

        This morning I held a pretrial conference at which I fully heard the parties with respect to defendants' application for a stay of this action pending an inter partes reexamination proceeding before the Unites States Patent and Trademark Office ("USPTO"). The stay is denied without prejudice to renewal at the close of all discovery at year end.

        I have applied the four factor test utilized by other district courts considering a grant or denial of a stay pending reexamination. See eSoft, Inc. v. Blue Coat Systems, Inc., 505 F.Supp.2d 784 (D.Colo. 2007) (collecting cases). Specifically, I have considered "(1) whether a stay will simplify the issues in question and streamline the trial; (2) whether discovery is complete and whether a trial date has been set; (3) whether a stay would unduly prejudice the nonmoving party or present a clear tactical advantage for the moving party; and (4) whether a stay will reduce the burden of litigation on the parties and on the court."

        Potentially, a stay—and the outcome of a reexamination proceeding-- could simplify the issues and, indeed, depending upon outcome, eliminate the need for a trial. But the prejudice to plaintiff in granting a stay appears, at this juncture, to be substantial. Plaintiff, the

patent holder, commenced this action on July 5, 2007. Under the Amended Case Management Plan and Scheduling Order of October 11, 2007, all fact discovery will conclude on September 5, 2008 and all expert discovery will be completed by December 31, 2008. Defendants did not request an <u>inter partes</u> reexamination until February 19, 2008 and the USPTO has not decided whether to grant reexamination. If the USPTO does grant reexamination, it could take years to complete—the parties have suggested it could take three years not including any appeal. At present, the dual track of litigation in Court and reexamination in the USPTO does not present an undue burden on anyone. Plaintiff, who claims to have limited resources, is willing to accept the dual track and the defendants, who have a legitimate desire to reduce burden and expense but claim no financial hardship, have not shown that the burden upon them in completing discovery is great.

Developments during the course of any reexamination proceeding may alter the calculus. Discovery is underway and can be completed in a timely fashion by year end. At the close of discovery, I will revisit the issue of whether a stay, at that juncture, is appropriate.

SO ORDERED.

/s/ P. Kevin Castel
P. Kevin Castel
United States District Judge

Dated: New York, New York
       March 12, 2008