# EXHIBIT C

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 95/000,348 | 02/19/2008 | 7113152 | 31179.0005-US03 | 3362 |

49443    7590    05/10/2008
Pearl Cohen Zedek Latzer, LLP
1500 Broadway
12th Floor
New York, NY 10036

| EXAMINER |
|---|
| MENEFEE, JAMES A |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3992 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 05/10/2008 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.



UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**DO NOT USE IN PALM PRINTER**

(THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS)

Covington & Burling LLP
ATTN: Patent Docketing
1201 Pennsylvania Ave. NW
Washington, DC 20004

# Transmittal of Communication to Third Party Requester
# *Inter Partes* Reexamination

REEXAMINATION CONTROL NUMBER *95/000,348*.

PATENT NUMBER *7113152*.

TECHNOLOGY CENTER *3999*.

ART UNIT *3992*.

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above-identified reexamination proceeding. 37 CFR 1.903.

Prior to the filing of a Notice of Appeal, each time the patent owner responds to this communication, the third party requester of the *inter partes* reexamination may once file written comments within a period of 30 days from the date of service of the patent owner's response. This 30-day time period is statutory (35 U.S.C. 314(b)(2)), and, as such, it cannot be extended. See also 37 CFR 1.947.

If an *ex parte* reexamination has been merged with the *inter partes* reexamination, no responsive submission by any *ex parte* third party requester is permitted.

**All correspondence** relating to this inter partes reexamination proceeding should be directed to the **Central Reexamination Unit** at the mail, FAX, or hand-carry addresses given at the end of the communication enclosed with this transmittal.

PTOL-2070 (Rev.07-04)

| ORDER GRANTING/DENYING REQUEST FOR INTER PARTES REEXAMINATION | Control No. 95/000,348 | Patent Under Reexamination 7113152 |
|---|---|---|
| | Examiner James Menefee | Art Unit 3992 |

-- *The MAILING DATE of this communication appears on the cover sheet with the correspondence address.* --

The request for *inter partes* reexamination has been considered. Identification of the claims, the references relied on, and the rationale supporting the determination are attached.

Attachment(s):   ☐ PTO-892    ☒ PTO/SB/08    ☐ Other: _____

1. ☒ The request for *inter partes* reexamination is GRANTED.

    ☐ An Office action is attached with this order.

    ☒ An Office action will follow in due course.


2. ☐ The request for *inter partes* reexamination is DENIED.

This decision is not appealable. 35 U.S.C. 312(c). Requester may seek review of a denial by petition to the Director of the USPTO within ONE MONTH from the mailing date hereof. 37 CFR 1.927. EXTENSIONS OF TIME ONLY UNDER 37 CFR 1.183. In due course, a refund under 37 CFR 1.26(c) will be made to requester.

**All correspondence** relating to this *inter partes* reexamination proceeding should be directed to the **Central Reexamination Unit** at the mail, FAX, or hand-carry addresses given at the end of this Order.

Application/Control Number: 95/000,348 Page 2
Art Unit: 3992

## ORDER GRANTING REEXAMINATION REQUEST

A substantial new question of patentability ("SNQ") affecting claims 1-10 of U.S. Patent No. 7,113,152 ("the '152 patent") is raised by the *inter partes* reexamination request filed 2/19/2008 ("Request"). Claims 1-10 will be reexamined.

An Office action on the merits does not accompany this order for *inter partes* reexamination, but will be provided in due course. Patent owner is reminded that no proposed amendment may be made until after the first Office action on the merits. 37 CFR 1.939(b).

### *References Cited in Request*

U.S. Patent No. 5,668,572 to Meyer et al. ("Meyer").

U.S. Patent No. 6,567,134 to Morgan ("Morgan").

U.S. Patent No. 6,674,489 to Kagawa et al. ("Kagawa").

JP H8-86994 to Mitsuoka et al. ("Mitsuoka") (translation provided with Request).

Yamaguchi, Multiprimary Color Displays, Color Forum Japan '99 (1999) pp. 73-79 ("Yamaguchi") (translation provided with Request).

Application/Control Number: 95/000,348 Page 3
Art Unit: 3992

### *Extensions of Time*

Extensions of time under 37 CFR 1.136(a) will not be permitted in *inter partes* reexamination proceedings because the provisions of 37 CFR 1.136 apply only to "an applicant" and not to the patent owner in a reexamination proceeding. Additionally, 35 U.S.C. 314(c) requires that *inter partes* reexamination proceedings "will be conducted with special dispatch" (37 CFR 1.937). Patent owner extensions of time in *inter partes* reexamination proceedings are provided for in 37 CFR 1.956. Extensions of time are not available for third party requester comments, because a comment period of 30 days from service of patent owner's response is set by statute. 35 U.S.C. 314(b)(3).

### *Notification of Other Proceedings*

The patent owner is reminded of the continuing responsibility under 37 CFR 1.985(a), to apprise the Office of any litigation activity, or other prior or concurrent proceeding, involving the '152 patent throughout the course of this reexamination proceeding. The third party requester is also reminded of the ability to similarly apprise the Office of any such activity or proceeding throughout the course of this reexamination proceeding. See MPEP § 2686 and 2686.04. Note the examiner is aware of co-pending reexamination proceedings 95/000,347 and 95/001,031, as well as the ongoing litigation styled *Genoa Color Technologies, Ltd. v. Mitsubishi Electric Corp.*, 1:07cv6233 (S.D.N.Y. filed 7/5/2007); any decision on whether to merge the reexamination proceedings will be made after all of the Requests have been considered. See generally MPEP 2686.01.

Application/Control Number: 95/000,348                                                          Page 4
Art Unit: 3992

## *Prosecution History*

The '152 patent was filed as application number 10/297,672 as a national stage of PCT/IL01/00527. The PCT had a filing date of 6/7/2001 and claims priority to 09/710,895, filed 11/14/2000, and 60/209,771, filed 6/7/2000.

The '152 patent was filed with a preliminary amendment canceling the claims from the PCT and adding new claims 97-152. Another preliminary amendment canceled claims 128 and 141-152 and amended other claims. In a first action mailed 9/20/2005, the examiner rejected all claims as obvious over a combination of several references, and also rejected the claims under obviousness-type double patenting. An interview was held 12/14/2005 where the examiner agreed that the cited art "does not teach 'projecting polychromatic light from a light source onto a first side of a color wheel having at least four non-white and non-black color filters and rotating the color wheel such that the polychromatic light from the light source is sequentially filtered by transmission through the at least four color filters to sequentially produce at a second side of the color wheel, opposite the first side, light of at least four colors, each of the at least four colors having a different chromaticity from the others of the at least four colors.'" Interview Summary 12/14/2005. In a response filed 12/20/2005, patent owner canceled all claims and added new claims 153-162 including the above noted limitations. The examiner sent a final rejection on 3/17/2006, rejecting the new claims for double patenting and objecting to certain claims. Patent owner filed a terminal disclaimer and corrected the objected to material. The case was allowed with an examiner's amendment to add the data signal to current claim 1 and correct antecedent basis in current claim 5. No reasons for allowance were cited.

Application/Control Number: 95/000,348 Page 5
Art Unit: 3992

In light of the examiner's statement from the 12/14/2005 interview summary, and the fact that no prior art rejections were ever made after the claims were amended to include the agreed upon limitations, it appears that the claims were allowed due to prior art lacking the above quoted limitations, found in current claim 1. It is further noted that the '152 patent itself appears to distinguish the invention from the prior art for similar reasons, noting the use of a color wheel having four or more color filters provides a greater range of colors than systems utilizing only three colors. See col. 3 lines 5-20; col. 4 lines 8-21; Fig. 2 (showing three colors covers the triangle 20, while six colors covers the hexagon 22). Patents or printed publications teaching such features would therefore have been important to a reasonable examiner in determining the patentability of the claims.

Application/Control Number: 95/000,348 Page 6
Art Unit: 3992

### *Priority*

The Request has challenged the priority claim of the '152 patent, arguing that the claims of the patent are entitled to an earliest effective filing date of 11/14/2000 (the filing date of the parent), as opposed to 6/7/2000 (the filing date of the provisional). See Request pp. 8-11. The priority claim was never considered during the original examination, and the reasoning in the Request is at least plausible, therefore the priority challenge is considered sufficient for determining the existence of SNQs. The examiner will make a determination as to the sufficiency of the priority claim in the first action on the merits.

Application/Control Number: 95/000,348 Page 7
Art Unit: 3992

### *Proposed Rejections/SNQs*

The following rejections/SNQs are proposed in the Request. The Request includes claim charts at pages 16-93 item matching the references to the claims of the '152 patent.

A. Claims 1-10 are anticipated by Morgan.

B. Claims 1-7 are anticipated by Kagawa.

C. Claims 1-7 are anticipated by Meyer.

D. Claims 1-10 are anticipated by Yamaguchi.

E. Claims 8-10 are obvious over Kagawa.

F. Claims 8-10 are obvious over Kagawa in view of Morgan.

G. Claims 8-10 are obvious over Meyer in view of Morgan.

H. Claims 8-10 are obvious over Kagawa in view of Yamaguchi.

I. Claims 8-10 are obvious over Meyer in view of Yamaguchi.

J. Claims 8-10 are obvious over Kagawa in view of Mitsuoka.

K. Claims 8-10 are obvious over Meyer in view of Mitsuoka.

L. Claims 8-10 are unpatentable under 35 U.S.C. 135(b) in view of Morgan.

The examiner agrees that a SNQ is raised as to claims 1-10 by Proposals C, D, F, G, I, J, and K. The examiner <u>does not</u> agree a SNQ is raised by Proposals A, B, E, H, and L. A discussion of the specifics follows.

Application/Control Number: 95/000,348 Page 8
Art Unit: 3992

### *Discussion of the References Pertaining to the Alleged SNQs*

Proposals A, B, E, H, and L:

It is <u>not agreed</u> that these Proposals raise a SNQ as to the claims of the '152 patent.

The MPEP states:

> If a second or subsequent request for reexamination is filed (by any party permitted to do so) while a first reexamination is pending, the presence of a substantial new question of patentability depends on the art (patents and printed publications) cited by the second or subsequent request . . . . [I]f the subsequent request includes the art which raised a substantial new question in the earlier pending reexamination, then reexamination should be ordered only if the art cited raises a substantial new question of patentability which is different from that raised in the earlier pending reexamination. If the art cited in the subsequent request raises the same substantial new question of patentability as that raised in the earlier pending reexamination, the subsequent request should be denied. Where the request raises a different substantial new question of patentability as to some patent claims, but not as to others, the request would be granted in part.

MPEP 2640. Thus, even if the references raise a substantial question of patentability, there is no substantial <u>new</u> question if the same question was already decided in a pending reexamination of the patent. That is, no SNQ is raised where the proposed SNQ is the same as one already granted or denied in a previous pending reexamination. Here, many of the proposed SNQs are the same as those already discussed and decided in the order granting reexamination of 95/000,347 ("'347 Order"). Such proposed SNQs, which raise the same SNQ as in the earlier pending reexamination and have already been decided in that proceeding, will be denied herein. The proposed SNQs correspond to the proposed SNQs decided in the '347 Order as follows:

Proposal A corresponds to Proposal G in the '347 Order.

Proposal B corresponds to part of Proposal A in the '347 Order.

Proposal E corresponds to Proposal B in the '347 Order.

Proposal H corresponds to part of Proposal C in the '347 Order.

Application/Control Number: 95/000,348                                                                        Page 9
Art Unit: 3992

Proposal L corresponds to Proposal H in the '347 Order.

It is understood that the Proposals are not identical to those discussed in the '347 Order. The Proposals, however, are substantially the same in that they are drawn to the same issues and interpretations of the references. That is, the present Request does not view the references in a different light or in a material new way as opposed to the discussions in the previously decided Request. The references do not raise a substantial question of patentability that is different than the questions already decided previously. There is no <u>new</u> question of patentability raised in these Proposals, therefore Proposals A, B, E, H, and L are denied.

Proposals C, G, I, and K:

It is agreed that Meyer raises a SNQ as to claims 1-7 when considered alone (Proposal C), and raises a SNQ as to claims 8-10 when considered in combination with Morgan (Proposal G), Yamaguchi (Proposal I), or Mitsuoka (Proposal K).

Meyer describes a device for displaying color images. Meyer appears to disclose projecting polychromatic light from a light source 16 onto a first side of a color wheel 15 having at least four non-white and non-black color filters (col. 6 lines 57-58 allow for more than three color filters) and rotating the color wheel such that the polychromatic light is sequentially filtered by transmission through the color filters to sequentially produce at a second side of the color wheel, opposite the first side, light of at least four colors having a chromaticity different from the others of the at least four colors. The light source 16 produces white light and therefore is polychromatic. Col. 3 lines 66-67. The color wheel is rotated to provide sequential filtering of the polychromatic light to sequentially produce filtered light. Col. 4 lines 6-26. The filtered

Application/Control Number: 95/000,348                                                                Page 10
Art Unit: 3992

light necessarily has a different chromaticity when filtered by the different color filters. Thus, Meyer appears to disclose the very features that were deemed lacking in the prior art during the original prosecution.

Given the above teachings showing that Meyer appears to disclose what was found lacking in the original prosecution, along with the item matching of Meyer to the claims as in the Request, a reasonable examiner would have found Meyer important in considering the patentability of claims 1-7 as in Proposal C. Likewise, a reasonable examiner would have found Meyer important in considering the patentability of claims 8-10 when combined with the other references as in the proposed combinations of Proposals G, I, and K. While Meyer appears to disclose the material found lacking during the original prosecution, these additional references are added for their alleged teachings of the limitations of dependent claims 8-10. As the Request explains how these additional references might disclose the limitations of these dependent claims, and provides reasoning as to why the references might be combined with Meyer, a reasonable examiner would have found these combinations to be important in considering the patentability of the claims.

The teachings of Meyer discussed herein, alone or in the above combinations, are not cumulative to any written discussion on the record of the teachings of the prior art, were not previously considered nor addressed during a prior examination, and the same question was not the subject of a final holding of invalidity in the Federal Courts.

Proposal D:

It is agreed that Yamaguchi raises a SNQ as to claims 1-10.

Application/Control Number: 95/000,348                                             Page 11
Art Unit: 3992

    Yamaguchi describes a device for displaying a color image. Yamaguchi appears to disclose in Diagram 3 polychromatic light from a light source is projected onto a first side of a color wheel having at least four non-white and non-black color filters and rotating the color wheel such that the polychromatic light from the light source is sequentially filtered by transmission through the at least four color filters to sequentially produce at a second side of the color wheel, opposite the first side, light of at least four colors, each of the at least four colors having a different chromaticity from the others of the at least four colors. The light source is not explicitly mentioned, but must be polychromatic for the filters of the color wheel to filter out different colors. The spinning of the wheel and the time multiplexing that is described in section 3.1 show that the device yields a sequential production of the colors of the wheel. The diagram of the wheel shows seven filters, thus there are at least four non-white and non-black filters, and indeed the entire point of the reference is the use of more than three colors to provide a wider range of colors on the screen. In comparing Diagram 1(a) with Diagram 1(b), one can see that the use of more than three colors enables production of a greater range of colors than the previously known use of just three colors. Thus, Yamaguchi appears to disclose the very features that were deemed lacking in the prior art during the original prosecution.

    Given the above teachings showing that Yamaguchi appears to disclose what was found lacking in the original prosecution, along with the item matching of Yamaguchi to the claims as done in the Request, a reasonable examiner would have found Yamaguchi important in considering the patentability of claims 1-10 as in Proposal D. The teachings of Yamaguchi discussed herein are not cumulative to any written discussion on the record of the teachings of

Application/Control Number: 95/000,348                                              Page 12
Art Unit: 3992

the prior art, were not previously considered nor addressed during a prior examination, and the same question was not the subject of a final holding of invalidity in the Federal Courts.

Proposals F and J:

It is agreed that Kagawa raises a SNQ as to claims 8-10 when considered in combination with Morgan (Proposal F) and Mitsuoka (Proposal J).

Kagawa describes a device for displaying a color image. As shown in Fig. 1, Kagawa appears to show polychromatic light from a light source 1 is projected onto a first side of a color wheel 2 having at least four non-white and non-black color filters 31-36 and rotating the color wheel such that the polychromatic light from the light source is sequentially filtered by transmission through the at least four color filters to sequentially produce at a second side of the color wheel, opposite the first side, light of at least four colors, each of the at least four colors having a different chromaticity from the others of the at least four colors. Fig. 20 shows the emission of lamp 1 is polychromatic. Fig. 2 shows the transmission characteristics of filters 31-36, showing that transmitted light of the four colors will have different chromaticity. Col. 10 line 60 – col. 11 line 11 describes the color wheel as rotating so that light is separated into the different colors in a time-division manner, i.e. sequentially produced similarly as in the '152 patent. Comparing Figs. 23 and 26, one can see that the use of this six color wheel enables production of a greater range of colors than the previously used three color color wheel (shown in Fig. 15). Thus, Kagawa appears to disclose the very features that were deemed lacking in the prior art during the original prosecution.

Application/Control Number: 95/000,348                                                              Page 13
Art Unit: 3992

    Given the above teachings showing that Kagawa appears to disclose what was found lacking in the original prosecution, along with the item matching of Kagawa to the claims as in the Request, a reasonable examiner would have found Kagawa important in considering the patentability of claims 1-7 as in Proposal B. This substantial question of patentability, however, is not a new question of patentability in light of MPEP 2640 as described above. The combination of Kagawa with Morgan or Mitsuoka was not considered in the copending reexamination, however, and therefore is potentially a new question of patentability as to claims 8-10. Given the Request's explanation as to why Morgan and Mitsuoka teach the limitations of claims 8-10 that may be lacking in Kagawa, as well as the explanation as to how the references might be combined with Kagawa, a reasonable examiner would have found these combinations to be important in considering the patentability of the claims.

    The teachings of Kagawa discussed herein, combined with either Morgan or Mitsuoka, are not cumulative to any written discussion on the record of the teachings of the prior art, were not previously considered nor addressed during a prior examination, and the same question was not the subject of a final holding of invalidity in the Federal Courts.

Application/Control Number: 95/000,348 Page 14
Art Unit: 3992

### NOTICE RE PATENT OWNER'S CORRESPONDENCE ADDRESS

Effective May 16, 2007, 37 CFR 1.33(c) has been revised to provide that:

The patent owner's correspondence address for all communications in an *ex parte* reexamination or an *inter partes* reexamination is designated as the correspondence address of the patent.

> *Revisions and Technical Corrections Affecting Requirements for Ex Parte and Inter Partes Reexamination*, 72 FR 18892 (April 16, 2007)(Final Rule)

**The correspondence address for any pending reexamination proceeding not having the same correspondence address as that of the patent is, by way of this revision to 37 CFR 1.33(c), automatically changed to that of the patent file as of the effective date.**

This change is effective for any reexamination proceeding which is pending before the Office as of May 16, 2007, including the present reexamination proceeding, and to any reexamination proceeding which is filed after that date.

Parties are to take this change into account when filing papers, and direct communications accordingly.

In the event the patent owner's correspondence address listed in the papers (record) for the present proceeding is different from the correspondence address of the patent, it is strongly encouraged that the patent owner affirmatively file a Notification of Change of Correspondence Address in the reexamination proceeding and/or the patent (depending on which address patent owner desires), to conform the address of the proceeding with that of the patent and to clarify the record as to which address should be used for correspondence.

Telephone Numbers for reexamination inquiries:

| | |
|---|---|
| Reexamination and Amendment Practice | (571) 272-7703 |
| Central Reexam Unit (CRU) | (571) 272-7705 |
| Reexamination Facsimile Transmission No. | (571) 273-9900 |

Application/Control Number: 95/000,348 Page 15
Art Unit: 3992

## Conclusion

All correspondence relating to this *inter partes* reexamination proceeding should be directed:

By **U.S. Postal Service Mail** to:

    Mail Stop *Inter Partes* Reexam
    ATTN: Central Reexamination Unit
    Commissioner for Patents
    P.O. Box 1450
    Alexandria, VA 22313-1450

By FAX to:   (571) 273-9900
               Central Reexamination Unit

By hand to:  Customer Service Window
               Randolph Building
               401 Dulany St.
               Alexandria, VA 22314

Any inquiry concerning this communication or earlier communications from the Reexamination Legal Advisor or Examiner, or as to the status of this proceeding, should be directed to the Central Reexamination Unit at telephone number (571) 272-7705.

Signed:

*/James Menefee/*

James Menefee
Primary Examiner
Central Reexamination Unit 3992.
(571) 272-1944

April 28, 2008

Conferees: */signatures/*

MARK J. REINHART
CRU SPE-AU 3992

Used in Lieu of PTO/SB/08A/B
(Based on PTO 01-08 version)

| Substitute for form 1449/PTO | Complete if Known | |
|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | Control Number | Not Yet Assigned |
| | Filing Date | Concurrently Herewith |
| | First Named Inventor | Ilan Ben-David |
| | Art Unit | N/A |
| | Examiner Name | Not Yet Assigned |
| Sheet 1 of 1 | Attorney Docket Number | 031179.0005-US03 |

### U.S. PATENT DOCUMENTS

| Examiner Initials* | Cite No.[1] | Document Number Number-Kind Code[2] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | AA | US-5,668,572 | 09-16-1997 | Meyer, et al. | |
| | AB | US-6,567,134 | 05-20-2003 | Morgan | |
| | AC | US-6,674,489 | 01-06-2004 | Kagawa, et al. | |

### FOREIGN PATENT DOCUMENTS

| Examiner Initials* | Cite No.[1] | Foreign Patent Document Country Code[3]-Number[4]-Kind Code[5] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages Or Relevant Figures Appear | T[6] |
|---|---|---|---|---|---|---|
| | BA | JP H8-86994 | 04-02-1996 | Mitsuoka, et al. | | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. [1] Applicant's unique citation designation number (optional). [2] See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. [3] Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). [4] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [5] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible. [6] Applicant is to place a check mark here if English language Translation is attached.

### NON PATENT LITERATURE DOCUMENTS

| Examiner Initials* | Cite No.[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city and/or country where published. | T[2] |
|---|---|---|---|
| | CA | YAMAGUCHI, MASAHIRO, "Multiprimary Color Displays," Color Forum Japan '99, November 9, 1999, pp. 73-79. | |

| Examiner Signature | /James Menefee/ | Date Considered | 04/25/2008 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

[1] Applicant's unique citation designation number (optional). [2] Applicant is to place a check mark here if English language Translation is attached.

**ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /JM/**

DC: 2745881-2