# EXHIBIT D

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 95/001,031 | 03/11/2008 | 7,113,152 | TI-65980XX | 1945 |

49443       7590       05/14/2008
Pearl Cohen Zedek Latzer, LLP
1500 Broadway
12th Floor
New York, NY 10036

| EXAMINER |
|---|
| MENEFEE, JAMES A |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3992 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 05/14/2008 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

 UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**DO NOT USE IN PALM PRINTER**

(THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS)

Charles A. Brill
Texas Instruments Incorporated
P.O. Box 655474, M/S 3999
Dallas, TX 75265

**MAILED**

**MAY 1 4 2008**

CENTRAL REEXAMINATION UNIT

## Transmittal of Communication to Third Party Requester
## *Inter Partes* Reexamination

REEXAMINATION CONTROL NUMBER *95/001,031*.

PATENT NUMBER *7,113,152*.

TECHNOLOGY CENTER *3999*.

ART UNIT *3992*.

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above-identified reexamination proceeding. 37 CFR 1.903.

Prior to the filing of a Notice of Appeal, each time the patent owner responds to this communication, the third party requester of the *inter partes* reexamination may once file written comments within a period of 30 days from the date of service of the patent owner's response. This 30-day time period is statutory (35 U.S.C. 314(b)(2)), and, as such, it cannot be extended. See also 37 CFR 1.947.

If an *ex parte* reexamination has been merged with the *inter partes* reexamination, no responsive submission by any *ex parte* third party requester is permitted.

**All correspondence** relating to this inter partes reexamination proceeding should be directed to the **Central Reexamination Unit** at the mail, FAX, or hand-carry addresses given at the end of the communication enclosed with this transmittal.

PTOL-2070 (Rev.07-04)

| ORDER GRANTING/DENYING REQUEST FOR INTER PARTES REEXAMINATION | Control No. 95/001,031 | Patent Under Reexamination 7,113,152 | |
|---|---|---|---|
| | Examiner James Menefee | Art Unit 3992 | |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address. --*

The request for *inter partes* reexamination has been considered. Identification of the claims, the references relied on, and the rationale supporting the determination are attached.

Attachment(s):    ☐ PTO-892    ☒ PTO/SB/08    ☐ Other: _____

1. ☒ The request for *inter partes* reexamination is GRANTED.

☐ An Office action is attached with this order.

☒ An Office action will follow in due course.

2. ☐ The request for *inter partes* reexamination is DENIED.

This decision is not appealable. 35 U.S.C. 312(c). Requester may seek review of a denial by petition to the Director of the USPTO within ONE MONTH from the mailing date hereof. 37 CFR 1.927. EXTENSIONS OF TIME ONLY UNDER 37 CFR 1.183. In due course, a refund under 37 CFR 1.26(c) will be made to requester.

**All correspondence** relating to this *inter partes* reexamination proceeding should be directed to the **Central Reexamination Unit** at the mail, FAX, or hand-carry addresses given at the end of this Order.

Application/Control Number: 95/001,031                                    Page 2
Art Unit: 3992

## ORDER GRANTING REEXAMINATION REQUEST

A substantial new question of patentability ("SNQ") affecting claims 1-10 of U.S. Patent No. 7,113,152 ("the '152 patent") is raised by the *inter partes* reexamination request filed 3/11/2008 ("Request"). Claims 1-10 will be reexamined.

An Office action on the merits does not accompany this order for *inter partes* reexamination, but will be provided in due course. Patent owner is reminded that no proposed amendment may be made until after the first Office action on the merits. 37 CFR 1.939(b).

### *References Cited in Request*

U.S. Patent No. 2,412,098 to Schantz ("Schantz").

U.S. Patent No. 5,365,283 to Doherty et al. ("Doherty").

U.S. Patent No. 5,528,317 to Gove et al. ("Gove").

U.S. Patent No. 5,625,424 to Conner et al. ("Conner").

U.S. Patent No. 5,650,832 to Poradish et al. ("Poradish").

U.S. Patent No. 5,668,572 to Meyer et al. ("Meyer").

U.S. Patent No. 6,538,742 to Ohsawa ("Ohsawa").

U.S. Patent No. 6,567,134 to Morgan ("Morgan").

U.S. Patent No. 6,633,302 to Ohsawa ("Ohsawa II").

U.S. Patent No. 6,674,489 to Kagawa et al. ("Kagawa").

U.S. Patent No. 6,912,017 to Minami et al. ("Minami").

JP 11-264953 to Sawai ("Sawai") (translation provided with Request).

WO 97/42770 to Carrein ("WO 770").

Application/Control Number: 95/001,031                                    Page 3
Art Unit: 3992

Yamaguchi, Multiprimary Color Displays, Color Forum Japan '99 (1999) pp. 73-79

("Yamaguchi") (translation provided with Request).

Yajima et al., Wide-Color-Gamut System, Proc. of SMPTE, Advanced Television and

Electronic Imaging, (Feb. 10-11, 1995) pp. 112-119 ("Yajima").

Yamaguchi et al., Multiprimary Color Display Using Holographic Optical Element, SPIE

vol. 3293 (1998) pp. 70-77 ("Yamaguchi et al.").

Ajito et al., Six Primary Color Projection Display for Expanded Color Gamut

Reproduction, Proceedings of International Symposium on Multi-spectral Imaging and Color

Reproduction for Digital Archives (1999) pp. 135-138 ("Ajito").

Ajito et al., Multiprimary Color Display for Liquid Crystal Display Projectors Using

Diffraction Grating, Optical Engineering, vol. 38 no. 11 (Nov. 1999) pp. 1883-1888 ("Ajito II").

Application/Control Number: 95/001,031                                          Page 4
Art Unit: 3992

### *Extensions of Time*

Extensions of time under 37 CFR 1.136(a) will not be permitted in *inter partes*

reexamination proceedings because the provisions of 37 CFR 1.136 apply only to "an applicant"

and not to the patent owner in a reexamination proceeding. Additionally, 35 U.S.C. 314(c)

requires that *inter partes* reexamination proceedings "will be conducted with special dispatch"

(37 CFR 1.937). Patent owner extensions of time in *inter partes* reexamination proceedings are

provided for in 37 CFR 1.956. Extensions of time are not available for third party requester

comments, because a comment period of 30 days from service of patent owner's response is set

by statute. 35 U.S.C. 314(b)(3).


### *Notification of Other Proceedings*

The patent owner is reminded of the continuing responsibility under 37 CFR 1.985(a), to

apprise the Office of any litigation activity, or other prior or concurrent proceeding, involving the

'152 patent throughout the course of this reexamination proceeding. The third party requester is

also reminded of the ability to similarly apprise the Office of any such activity or proceeding

throughout the course of this reexamination proceeding. See MPEP § 2686 and 2686.04. Note

the examiner is aware of co-pending reexamination proceedings 95/000,347 and 95/000,348, as

well as the ongoing litigation styled *Genoa Color Technologies, Ltd. v. Mitsubishi Electric*

*Corp.*, 1:07cv6233 (S.D.N.Y. filed 7/5/2007); any decision on whether to merge the

reexamination proceedings will be made after all of the Requests have been considered. See

generally MPEP 2686.01.

Application/Control Number: 95/001,031                                          Page 5
Art Unit: 3992

### *Prosecution History*

The '152 patent was filed as application number 10/297,672 as a national stage of PCT/IL01/00527. The PCT had a filing date of 6/7/2001 and claims priority to 09/710,895, filed 11/14/2000, and 60/209,771, filed 6/7/2000.

The '152 patent was filed with a preliminary amendment canceling the claims from the PCT and adding new claims 97-152. Another preliminary amendment canceled claims 128 and 141-152 and amended other claims. In a first action mailed 9/20/2005, the examiner rejected all claims as obvious over a combination of several references, and also rejected the claims under obviousness-type double patenting. An interview was held 12/14/2005 where the examiner agreed that the cited art "does not teach 'projecting polychromatic light from a light source onto a first side of a color wheel having at least four non-white and non-black color filters and rotating the color wheel such that the polychromatic light from the light source is sequentially filtered by transmission through the at least four color filters to sequentially produce at a second side of the color wheel, opposite the first side, light of at least four colors, each of the at least four colors having a different chromaticity from the others of the at least four colors.'" Interview Summary 12/14/2005. In a response filed 12/20/2005, patent owner canceled all claims and added new claims 153-162 including the above noted limitations. The examiner sent a final rejection on 3/17/2006, rejecting the new claims for double patenting and objecting to certain claims. Patent owner filed a terminal disclaimer and corrected the objected to material. The case was allowed with an examiner's amendment to add the data signal to current claim 1 and correct antecedent basis in current claim 5. No reasons for allowance were cited.

Application/Control Number: 95/001,031                                     Page 6
Art Unit: 3992

In light of the examiner's statement from the 12/14/2005 interview summary, and the fact that no prior art rejections were ever made after the claims were amended to include the agreed upon limitations, it appears that the claims were allowed due to prior art lacking the above quoted limitations, found in current claim 1. It is further noted that the '152 patent itself appears to distinguish the invention from the prior art for similar reasons, noting the use of a color wheel having four or more color filters provides a greater range of colors than systems utilizing only three colors. See col. 3 lines 5-20; col. 4 lines 8-21; Fig. 2 (showing three colors covers the triangle 20, while six colors covers the hexagon 22). Patents or printed publications teaching such features would therefore have been important to a reasonable examiner in determining the patentability of the claims.

Application/Control Number: 95/001,031                                      Page 7
Art Unit: 3992

### *Priority*

The Request has challenged the priority claim of the '152 patent, arguing that the claims

of the patent are entitled to an earliest effective filing date of 11/14/2000 (the filing date of the

parent), as opposed to 6/7/2000 (the filing date of the provisional). See Request pp. 3-10. The

priority claim was never considered during the original examination, and the reasoning in the

Request is at least plausible, therefore the priority challenge is considered sufficient for

determining the existence of SNQs. The examiner will make a determination as to the

sufficiency of the priority claim in the first action on the merits.

Application/Control Number: 95/001,031                                        Page 8
Art Unit: 3992

### *Proposed Rejections/SNQs*

The following rejections/SNQs are proposed in the Request.  Citations below are to the portion of the Request pointing out the proposed SNQ and include claim charts matching the references to the claims.

1. Claims 1-10 are anticipated by Yamaguchi.  Request pp. 11-26.

2. Claims 1-10 are anticipated by Poradish.  Request pp. 26-40.

3. Claims 1-10 are anticipated by Morgan.  Request pp. 41-58.

4. Claims 1-7 are anticipated by Meyer.  Request pp. 58-68.

5. Claims 1-7 are anticipated by Kagawa.  Request pp. 68-82.

6. Claims 1-5 and 7 are anticipated by Sawai.  Request pp. 82-93.

7. Claims 1-7 are anticipated by Minami.  Request pp. 93-104.

8. Claims 1-10 are obvious over Poradish in view of Schantz and Gove.  Request pp. 104-121.

9. Claim 8 is obvious over Meyer in view of Yajima.  Request pp. 126-130.

10. Claims 9-10 are obvious over Meyer in view of Yajima, and further in view of Doherty.  Request pp. 126-130.

11. Claim 8 is obvious over Meyer in view of Yamaguchi et al.  Request pp. 130-134.

12. Claims 9-10 are obvious over Meyer in view of Yamaguchi et al., and further in view of Doherty.  Request pp. 130-134.

13. Claim 8 is obvious over Meyer in view of Yamaguchi.[1]  Request pp. 134-138.

---

[1] The examiner understands footnote 239 on page 135 of the Request to be a typo, in that it refers to the wrong reference.  It is apparent that the Request intended to refer to the Yamaguchi reference rather than the Yamaguchi et

Application/Control Number: 95/001,031                                    Page 9
Art Unit: 3992

14. Claims 9-10 are obvious over Meyer in view of Yamaguchi, and further in view of
    Doherty. Request pp. 134-138.

15. Claim 8 is obvious over Meyer in view of Ajito. Request pp. 138-142.

16. Claims 9-10 are obvious over Meyer in view of Ajito, and further in view of Doherty.
    Request pp. 138-142.

17. Claim 8 is obvious over Meyer in view of Ajito II. Request pp. 142-146.

18. Claims 9-10 are obvious over Meyer in view of Ajito II, and further in view of Doherty.
    Request pp. 142-146.

19. Claim 8 is obvious over Meyer in view of WO 770. Request pp. 146-150.

20. Claims 9-10 are obvious over Meyer in view of WO 770, and further in view of Doherty.
    Request pp. 146-150.

21. Claim 8 is obvious over Meyer in view of Morgan. Request pp. 150-154.

22. Claims 9-10 are obvious over Meyer in view of Morgan, and further in view of Doherty.
    Request pp. 150-154.

23. Claim 8 is obvious over Meyer in view of Ohsawa. Request pp. 154-158.

24. Claims 9-10 are obvious over Meyer in view of Ohsawa, and further in view of Doherty.
    Request pp. 154-158.

25. Claim 8 is obvious over Meyer in view of Ohsawa II. Request pp. 158-162.

26. Claims 9-10 are obvious over Meyer in view of Ohsawa II, and further in view of
    Doherty. Request pp. 158-162.

27. Claim 8 is obvious over Kagawa in view of Yajima. Request pp. 162-164.

al. reference. Yamaguchi et al. was already referred to in the previous issues, and the quoted section in the claim

Application/Control Number: 95/001,031                                          Page 10
Art Unit: 3992

28. Claims 9-10 are obvious over Kagawa in view of Yajima, and further in view of Doherty.
Request pp. 162-164.

29. Claim 8 is obvious over Kagawa in view of Yamaguchi et al. Request pp. 164-167.

30. Claims 9-10 are obvious over Kagawa in view of Yamaguchi et al., and further in view of
Doherty. Request pp. 164-167.

31. Claim 8 is obvious over Kagawa in view of Yamaguchi.[2] Request pp. 167-170.

32. Claims 9-10 are obvious over Kagawa in view of Yamaguchi, and further in view of
Doherty. Request pp. 167-170.

33. Claim 8 is obvious over Kagawa in view of Ajito. Request pp. 170-172.

34. Claims 9-10 are obvious over Kagawa in view of Ajito, and further in view of Doherty.
Request pp. 170-172.

35. Claim 8 is obvious over Kagawa in view of Ajito II. Request pp. 172-175.

36. Claims 9-10 are obvious over Kagawa in view of Ajito II, and further in view of Doherty.
Request pp. 172-175.

37. Claim 8 is obvious over Kagawa in view of WO 770. Request pp. 175-178.

38. Claims 9-10 are obvious over Kagawa in view of WO 770, and further in view of
Doherty. Request pp. 175-178.

39. Claim 8 is obvious over Kagawa in view of Morgan. Request pp. 178-180.

40. Claims 9-10 are obvious over Kagawa in view of Morgan, and further in view of
Doherty. Request pp. 178-180.

---

chart corresponds to Yamaguchi. The same applies to Issue 14.
[2] The examiner understands footnote 251 on page 167 of the Request to be a typo, in that it refers to the wrong
reference. It is apparent that the Request intended to refer to the Yamaguchi reference rather than the Yamaguchi et

Application/Control Number: 95/001,031                          Page 11
Art Unit: 3992

41. Claim 8 is obvious over Kagawa in view of Ohsawa.  Request pp. 180-183.

42. Claims 9-10 are obvious over Kagawa in view of Ohsawa, and further in view of Doherty.  Request pp. 180-183.

43. Claim 8 is obvious over Kagawa in view of Ohsawa II.  Request pp. 183-185.

44. Claims 9-10 are obvious over Kagawa in view of Ohsawa II, and further in view of Doherty.  Request pp. 183-185.

45. Claim 8 is obvious over Sawai in view of Yajima.  Request pp. 185-187.

46. Claims 9-10 are obvious over Sawai in view of Yajima, and further in view of Doherty.  Request pp. 185-187.

47. Claim 8 is obvious over Sawai in view of Yamaguchi et al.  Request pp. 188-190.

48. Claims 9-10 are obvious over Sawai in view of Yamaguchi et al., and further in view of Doherty.  Request pp. 188-190.

49. Claim 8 is obvious over Sawai in view of Yamaguchi.[3]  Request pp. 190-193.

50. Claims 9-10 are obvious over Sawai in view of Yamaguchi, and further in view of Doherty.  Request pp. 190-193.

51. Claim 8 is obvious over Sawai in view of Ajito.  Request pp. 193-196.

52. Claims 9-10 are obvious over Sawai in view of Ajito, and further in view of Doherty.  Request pp. 193-196.

53. Claim 8 is obvious over Sawai in view of Ajito II.  Request pp. 196-198.

---

al. reference.  Yamaguchi et al. was already referred to in the previous issues, and the quoted section in the claim chart corresponds to Yamaguchi.  The same applies to Issue 32.

[3] The examiner understands footnote 256 on page 191 of the Request to be a typo, in that it refers to the wrong reference.  It is apparent that the Request intended to refer to the Yamaguchi reference rather than the Yamaguchi et al. reference.  Yamaguchi et al. was already referred to in the previous issues, and the quoted section in the claim chart corresponds to Yamaguchi.  The same applies to Issue 50.

Application/Control Number: 95/001,031                                    Page 12
Art Unit: 3992

54. Claims 9-10 are obvious over Sawai in view of Ajito II, and further in view of Doherty.

    Request pp. 196-198.

55. Claim 8 is obvious over Sawai in view of WO 770.  Request pp. 198-201.

56. Claims 9-10 are obvious over Sawai in view of WO 770, and further in view of Doherty.

    Request pp. 198-201.

57. Claim 8 is obvious over Sawai in view of Morgan.  Request pp. 201-203.

58. Claims 9-10 are obvious over Sawai in view of Morgan, and further in view of Doherty.

    Request pp. 201-203.

59. Claim 8 is obvious over Sawai in view of Ohsawa.  Request pp. 203-206.

60. Claims 9-10 are obvious over Sawai in view of Ohsawa, and further in view of Doherty.

    Request pp. 203-206.

61. Claim 8 is obvious over Sawai in view of Ohsawa II.  Request pp. 206-208.

62. Claims 9-10 are obvious over Sawai in view of Ohsawa II, and further in view of

    Doherty.  Request pp. 206-208.

63. Claim 8 is obvious over Minami in view of Yajima.  Request pp. 209-211.

64. Claims 9-10 are obvious over Minami in view of Yajima, and further in view of Doherty.

    Request pp. 209-211.

65. Claim 8 is obvious over Minami in view of Yamaguchi et al.  Request pp. 211-214.

66. Claims 9-10 are obvious over Minami in view of Yamaguchi et al., and further in view of

    Doherty.  Request pp. 211-214.

67. Claim 8 is obvious over Minami in view of Yamaguchi.[4]  Request pp. 214-216.

68. Claims 9-10 are obvious over Minami in view of Yamaguchi, and further in view of

Doherty.  Request pp. 214-216.

69. Claim 8 is obvious over Minami in view of Ajito.  Request pp. 216-219.

70. Claims 9-10 are obvious over Minami in view of Ajito, and further in view of Doherty.

Request pp. 216-219.

71. Claim 8 is obvious over Minami in view of Ajito II.  Request pp. 219-222.

72. Claims 9-10 are obvious over Minami in view of Ajito II, and further in view of Doherty.

Request pp. 219-222.

73. Claim 8 is obvious over Minami in view of WO 770.  Request pp. 222-224.

74. Claims 9-10 are obvious over Minami in view of WO 770, and further in view of

Doherty.  Request pp. 222-224.

75. Claim 8 is obvious over Minami in view of Morgan.  Request pp. 224-227.

76. Claims 9-10 are obvious over Minami in view of Morgan, and further in view of Doherty.

Request pp. 224-227.

77. Claim 8 is obvious over Minami in view of Ohsawa.  Request pp. 227-229.

78. Claims 9-10 are obvious over Minami in view of Ohsawa, and further in view of

Doherty.  Request pp. 227-229.

79. Claim 8 is obvious over Minami in view of Ohsawa II.  Request pp. 229-232.

---

[4] The examiner understands footnote 261 on page 214 of the Request to be a typo, in that it refers to the wrong reference.  It is apparent that the Request intended to refer to the Yamaguchi reference rather than the Yamaguchi et al. reference.  Yamaguchi et al. was already referred to in the previous Issues, and the quoted section in the claim chart corresponds to Yamaguchi.  The same applies to Issue 68.

Application/Control Number: 95/001,031                                      Page 14
Art Unit: 3992

80. Claims 9-10 are obvious over Minami in view of Ohsawa II, and further in view of

Doherty.  Request pp. 229-232.

The examiner agrees that a SNQ is raised as to claims 1-10 by Proposals 6-7, 8 in part, 9-

12, 14-20, 22-30, 32-38, and 40-80.  The examiner does not agree a SNQ is raised by Proposals

1-5, 8 in part, 13, 21, 31, and 39.  A discussion of the specifics follows.

Application/Control Number: 95/001,031                                                        Page 15
Art Unit: 3992

### *Discussion of the References Pertaining to the Alleged SNQs*

Proposals 1-5, 13, 21, 31, and 39:

It is not agreed that these Proposals raise a SNQ as to the claims of the '152 patent.

The MPEP states:

> If a second or subsequent request for reexamination is filed (by any party
> permitted to do so) while a first reexamination is pending, the presence of a
> substantial new question of patentability depends on the art (patents and printed
> publications) cited by the second or subsequent request . . . . [I]f the subsequent
> request includes the art which raised a substantial new question in the earlier
> pending reexamination, then reexamination should be ordered only if the art cited
> raises a substantial new question of patentability which is different from that
> raised in the earlier pending reexamination. If the art cited in the subsequent
> request raises the same substantial new question of patentability as that raised in
> the earlier pending reexamination, the subsequent request should be denied.
> Where the request raises a different substantial new question of patentability as to
> some patent claims, but not as to others, the request would be granted in part.

MPEP 2640. Thus, even if the references raise a substantial question of patentability,

there is no substantial new question if the same question was already decided in a pending

reexamination of the patent. That is, no SNQ is raised where the proposed SNQ is the same as

one already granted or denied in a previous pending reexamination. Here, many of the proposed

SNQs are the same as those already discussed and decided in the orders granting reexamination

of 95/000,347 ("'347 Order") and 95/000,348 ("'348 Order"). Such proposed SNQs, which raise

the same SNQ as in the earlier pending reexamination and have already been decided in that

proceeding, will be denied herein. The proposed SNQs correspond to the proposed SNQs

decided in the prior orders as follows:

Proposal 1 corresponds to Proposal D in the '348 Order.

Proposal 2 corresponds to part of Proposal D in the '347 Order.

Proposal 3 corresponds to Proposal G in the '347 Order.

Proposal 4 corresponds to part of Proposal C in the '348 Order.

Proposal 5 corresponds to Proposal A in the '347 Order.

Proposal 13 corresponds to Proposal I in the '348 Order.

Proposal 21 corresponds to part of Proposal G in the '348 Order.

Proposal 31 corresponds to Proposal C in the '347 Order.

Proposal 39 corresponds to part of Proposal F in the '348 Order.

It is understood that the Proposals are not identical to those discussed in the prior orders. The Proposals, however, are substantially the same in that they are drawn to the same issues and interpretations of the references. That is, the present Request does not view the references in a different light or in a material new way as opposed to the discussions in the previously decided Requests. The references do not raise a substantial question of patentability that is different than the questions already decided previously. There is no new question of patentability raised in these Proposals, therefore Proposals 1-5, 13, 21, 31, and 39 are denied.

Proposals 6 and 45-62:

It is agreed that Sawai raises a SNQ as to claims 1-5 and 7 when considered alone as in Proposal 6, and raises a SNQ as to claims 8-10 when considered in the combinations of Proposals 45-62 as listed above.

Sawai describes a device for displaying color images. Sawai appears to disclose in Figs. 1 and 4 projecting polychromatic light from a light source 1 onto a first side of a color wheel CW having at least four non-white and non-black color filters (six such filters as shown in Fig. 4) and

Application/Control Number: 95/001,031                                      Page 17
Art Unit: 3992

rotating the color wheel such that the polychromatic light is sequentially filtered by transmission

through the color filters to sequentially produce at a second side of the color wheel, opposite the

first side, light of at least four colors having a chromaticity different from the others of the at

least four colors. The light source 1 produces white light and therefore is polychromatic. Par.

[0014]. The color wheel is rotated to provide sequential filtering of the polychromatic light to

sequentially produce filtered light. Par. [0019]. The filtered light necessarily has a different

chromaticity when filtered by the different color filters. Thus, Sawai appears to disclose the very

features that were deemed lacking in the prior art during the original prosecution.

Given the above teachings showing that Sawai appears to disclose what was found

lacking in the original prosecution, along with the item matching of Sawai to the claims as in the

Request, a reasonable examiner would have found Sawai important in considering the

patentability of claims 1-7 as in Proposal 6. Likewise, a reasonable examiner would have found

Sawai important in considering the patentability of claims 8-10 when combined with the other

references as in the proposed combinations of Proposals 45-62. While Sawai appears to disclose

the material found lacking during the original prosecution, these additional references are added

for their alleged teachings of the limitations of dependent claims 8-10. As the Request explains

how these additional references might disclose the limitations of these dependent claims, and

provides reasoning as to why the references might be combined with Sawai, a reasonable

examiner would have found these combinations to be important in considering the patentability

of the claims.

The teachings of Sawai discussed herein, alone or in the above combinations, are not

cumulative to any written discussion on the record of the teachings of the prior art, were not

Application/Control Number: 95/001,031                                    Page 18
Art Unit: 3992

previously considered nor addressed during a prior examination, and the same question was not

the subject of a final holding of invalidity in the Federal Courts.


Proposals 7 and 63-80:

It is agreed that Minami raises a SNQ as to claims 1-7 when considered alone as in

Proposal 7, and raises a SNQ as to claims 8-10 when considered in the combinations of

Proposals 63-80 as listed above.

Minami describes a device for displaying color images. Minami appears to disclose in

Fig. 3 projecting polychromatic light from a light source 101 onto a first side of a color wheel 2

having at least four non-white and non-black color filters (the preferred embodiment has only

three non-white and non-black filters plus a white filter, as shown in Fig. 3, but col. 10 lines 8-12

allow for more than three different color filters) and rotating the color wheel such that the

polychromatic light is sequentially filtered by transmission through the color filters to

sequentially produce at a second side of the color wheel, opposite the first side, light of at least

four colors having a chromaticity different from the others of the at least four colors. The light

source 101 is a mercury lamp, col. 1 lines 52-53, and therefore is polychromatic; it is also

necessarily polychromatic so that the color filters will filter out different colors. The color wheel

is rotated to provide sequential filtering of the polychromatic light to sequentially produce

filtered light. Col. 5 lines 12-18. The filtered light necessarily has a different chromaticity when

filtered by the different color filters. Thus, Minami appears to disclose the very features that

were deemed lacking in the prior art during the original prosecution.

Given the above teachings showing that Minami appears to disclose what was found

lacking in the original prosecution, along with the item matching of Minami to the claims as in

the Request, a reasonable examiner would have found Minami important in considering the

patentability of claims 1-7 as in Proposal 7.  Likewise, a reasonable examiner would have found

Minami important in considering the patentability of claims 8-10 when combined with the other

references as in the proposed combinations of Proposals 63-80.  While Minami appears to

disclose the material found lacking during the original prosecution, these additional references

are added for their alleged teachings of the limitations of dependent claims 8-10.  As the Request

explains how these additional references might disclose the limitations of these dependent

claims, and provides reasoning as to why the references might be combined with Minami, a

reasonable examiner would have found these combinations to be important in considering the

patentability of the claims.

The teachings of Minami discussed herein, alone or in the above combinations, are not

cumulative to any written discussion on the record of the teachings of the prior art, were not

previously considered nor addressed during a prior examination, and the same question was not

the subject of a final holding of invalidity in the Federal Courts.


Proposal 8:

It is agreed that the combination of Poradish, Schantz, and Gove raises a SNQ as to

claims 9-10.  It is not agreed that the references raise a SNQ as to claims 1-8.

First, the Request does not explain how the combination of Poradish, Schantz, and Gove

apply to claims 1-10; instead, the Request only applies Poradish and Schantz to claims 1-8, and

appears to apply Gove only to claim 9 (and thus also claim 10 which depends from claim 9).
Gove is not in any way discussed other than with respect to claim 9. The examiner thus
understands Proposal 8 as two separate Proposals: that claims 1-8 are obvious over Poradish and
Schantz, and that claims 9-10 are obvious over Poradish, Schantz, and Gove.

As described above in relation to Proposal 2, it was already decided in a co-pending
reexamination proceeding that Poradish raises a SNQ as to claims 1-10. If the present Request
does not raise a SNQ different from that presented in the co-pending proceeding, the Proposal
will be denied.

The Request does not indicate why Schantz must be added to Poradish to meet the
limitations of the claims. The Request uses the identical teachings of Poradish in the claim
charts of Proposals 2 and 8, and adds teachings of Schantz only for claim 1. The Request does
not indicate how Poradish may not meet the limitations of claim 1, what teaching of Schantz is
used to render the claims obvious. Indeed, the teachings of Schantz provided in the claim chart,
see Request p. 106, are already present in the claim chart as taught by Poradish–the generation of
white light filtered by a color wheel having at least four color filters. While Schantz appears to
add that the white light is produced by a CRT, this feature is not claimed nor is it important to
patentability.

As Schantz does not appear to add anything to Poradish, as far as the patentability of the
claims is concerned, the teachings in the combination of Poradish and Schantz is deemed
cumulative to the teachings of Poradish alone. Thus, there is not a SNQ that is any different than
the SNQs based on Poradish alone. The implicitly proposed SNQ of claims 1-8 as obvious over

Application/Control Number: 95/001,031                                    Page 21
Art Unit: 3992

Poradish in view of Schantz is therefore denied for the same reasons that Proposal 2 based on

Poradish alone was denied.

While it is clear to the examiner that the relevant teachings of Schantz are merely

cumulative to the relevant teachings of Poradish, it is not as clear that Gove's teachings are

similarly cumulative. The examiner therefore does not deny the Proposal as to claims 9-10 for

that reason.

Poradish describes a device for displaying a color image. As shown in Fig. 1, Poradish

appears to show polychromatic light from a light source 16 is projected onto a first side of a

color wheel 15 having at least four non-white and non-black color filters (the Figure shows three

filters, but Poradish discloses more may be used, i.e. at least four, col. 4 lines 6-13) and rotating

the color wheel via motor 15a and rotating shaft 15b such that the polychromatic light from the

light source is sequentially filtered by transmission through the at least four color filters to

sequentially produce at a second side of the color wheel, opposite the first side, light of at least

four colors, each of the at least four colors having a different chromaticity from the others of the

at least four colors. Light source 16 is necessarily polychromatic, as the filters of the color wheel

will filter light at different colors, i.e. frequencies. As the filters filter out different color light,

the transmitted light from the filters will have different chromaticity. The rotation of the wheel

combined with the incident light beam yields a sequential filtering by the filters. See col. 1 lines

28-38. Thus, Poradish appears to disclose the very features that were deemed lacking in the prior

art during the original prosecution.

Given the above teachings showing that Poradish appears to disclose what was found

lacking in the original prosecution, along with the item matching of Poradish and Gove to the

claims as cited above, a reasonable examiner would have found Poradish and Gove important in

considering the patentability of claims 9-10 as in Proposal.  Proposal 8 is therefore granted in

part, only as to claims 9-10.  In the first action on the merits, if the examiner determines that a

rejection of these claims should be made based on this combination, the examiner will at that

time decide whether any such rejection will include just Poradish and Gove, or also additionally

Schantz as presented in the Request.

The teachings of Poradish combined with Schantz and Gove discussed herein are not

cumulative to any written discussion on the record of the teachings of the prior art, were not

previously considered nor addressed during a prior examination, and the same question was not

the subject of a final holding of invalidity in the Federal Courts.


Proposals 9-12, 14-20, and 22-26:

It is agreed that Meyer raises a SNQ as to claims raises a SNQ as to claims 8-10 when

considered in the combinations of Proposals 9-26 as listed above.

Meyer describes a device for displaying color images.  Meyer appears to disclose

projecting polychromatic light from a light source 16 onto a first side of a color wheel 15 having

at least four non-white and non-black color filters (col. 6 lines 57-58 allow for more than three

color filters) and rotating the color wheel such that the polychromatic light is sequentially filtered

by transmission through the color filters to sequentially produce at a second side of the color

wheel, opposite the first side, light of at least four colors having a chromaticity different from the

others of the at least four colors.  The light source 16 produces white light and therefore is

polychromatic.  Col. 3 lines 66-67.  The color wheel is rotated to provide sequential filtering of

Application/Control Number: 95/001,031                                    Page 23
Art Unit: 3992

the polychromatic light to sequentially produce filtered light. Col. 4 lines 6-26. The filtered

light necessarily has a different chromaticity when filtered by the different color filters. Thus,

Meyer appears to disclose the very features that were deemed lacking in the prior art during the

original prosecution.

Given the above teachings showing that Meyer appears to disclose what was found

lacking in the original prosecution, along with the item matching of Meyer to the claims as in the

Request, a reasonable examiner would have found Meyer important in considering the

patentability of claims 1-7 as in Proposal 4. This substantial question of patentability, however,

is not a new question of patentability in light of MPEP 2640 as described above. The

combinations of Meyer with the references as listed in Proposals 9-26 were not considered in the

copending reexamination, however, and therefore are potentially a new question of patentability

as to claims 8-10. Given the Request's explanation as to why such references teach the

limitations of claims 8-10 that may be lacking in Meyer, as well as the explanation as to how the

references might be combined with Meyer, a reasonable examiner would have found these

combinations to be important in considering the patentability of the claims.

The teachings of Meyer discussed herein, in the above noted combinations, are not

cumulative to any written discussion on the record of the teachings of the prior art, were not

previously considered nor addressed during a prior examination, and the same question was not

the subject of a final holding of invalidity in the Federal Courts.


Proposals 27-30, 32-38, and 40-44:

It is agreed that Kagawa raises a SNQ as to claims raises a SNQ as to claims 8-10 when
considered in the combinations of Proposals 27-44 as listed above.

Kagawa describes a device for displaying a color image. As shown in Fig. 1, Kagawa
appears to show polychromatic light from a light source 1 is projected onto a first side of a color
wheel 2 having at least four non-white and non-black color filters 31-36 and rotating the color
wheel such that the polychromatic light from the light source is sequentially filtered by
transmission through the at least four color filters to sequentially produce at a second side of the
color wheel, opposite the first side, light of at least four colors, each of the at least four colors
having a different chromaticity from the others of the at least four colors. Fig. 20 shows the
emission of lamp 1 is polychromatic. Fig. 2 shows the transmission characteristics of filters 31-
36, showing that transmitted light of the four colors will have different chromaticity. Col. 10
line 60 – col. 11 line 11 describes the color wheel as rotating so that light is separated into the
different colors in a time-division manner, i.e. sequentially produced similarly as in the '152
patent. Comparing Figs. 23 and 26, one can see that the use of this six color wheel enables
production of a greater range of colors than the previously used three color color wheel (shown
in Fig. 15). Thus, Kagawa appears to disclose the very features that were deemed lacking in the
prior art during the original prosecution.

Given the above teachings showing that Kagawa appears to disclose what was found
lacking in the original prosecution, along with the item matching of Kagawa to the claims as in
the Request, a reasonable examiner would have found Kagawa important in considering the
patentability of claims 1-7 as in Proposal 5. This substantial question of patentability, however,
is not a new question of patentability in light of MPEP 2640 as described above. The

Application/Control Number: 95/001,031                                      Page 25
Art Unit: 3992

combinations of Kagawa with the references as listed in Proposals 27-44 were not considered in

the copending reexamination, however, and therefore are potentially a new question of

patentability as to claims 8-10. Given the Request's explanation as to why such references teach

the limitations of claims 8-10 that may be lacking in Kagawa, as well as the explanation as to

how the references might be combined with Kagawa, a reasonable examiner would have found

these combinations to be important in considering the patentability of the claims.

The teachings of Kagawa discussed herein, in the above noted combinations, are not

cumulative to any written discussion on the record of the teachings of the prior art, were not

previously considered nor addressed during a prior examination, and the same question was not

the subject of a final holding of invalidity in the Federal Courts.

Application/Control Number: 95/001,031                        Page 26
Art Unit: 3992

## NOTICE RE PATENT OWNER'S CORRESPONDENCE ADDRESS

Effective May 16, 2007, 37 CFR 1.33(c) has been revised to
provide that:

> The patent owner's correspondence address for all communications
> in an *ex parte* reexamination or an *inter partes* reexamination is
> designated as the correspondence address of the patent.

> *Revisions and Technical Corrections Affecting*
> *Requirements for Ex Parte and Inter Partes*
> *Reexamination*, 72 FR 18892 (April 16, 2007)(Final
> Rule)

**The correspondence address for any pending reexamination**
**proceeding not having the same correspondence address as that of**
**the patent is, by way of this revision to 37 CFR 1.33(c),**
**automatically changed to that of the patent file as of the**
**effective date.**

This change is effective for any reexamination proceeding which
is pending before the Office as of May 16, 2007, including the
present reexamination proceeding, and to any reexamination
proceeding which is filed after that date.

Parties are to take this change into account when filing papers,
and direct communications accordingly.

In the event the patent owner's correspondence address listed in
the papers (record) for the present proceeding is different from
the correspondence address of the patent, it is strongly
encouraged that the patent owner affirmatively file a
Notification of Change of Correspondence Address in the
reexamination proceeding and/or the patent (depending on which
address patent owner desires), to conform the address of the
proceeding with that of the patent and to clarify the record as
to which address should be used for correspondence.

Telephone Numbers for reexamination inquiries:

Reexamination and Amendment Practice        (571) 272-7703
Central Reexam Unit (CRU)                    (571) 272-7705
Reexamination Facsimile Transmission No.     (571) 273-9900

Application/Control Number: 95/001,031                                    Page 27
Art Unit: 3992

## *Conclusion*

**All** correspondence relating to this *inter partes* reexamination proceeding should be directed:

By **U.S. Postal Service Mail** to:

      Mail Stop *Inter Partes* Reexam
      ATTN:  Central Reexamination Unit
      Commissioner for Patents
      P.O. Box 1450
      Alexandria, VA  22313-1450

By FAX to:    (571) 273-9900
             Central Reexamination Unit

By hand to:    Customer Service Window
             Randolph Building
             401 Dulany St.
             Alexandria, VA  22314

Any inquiry concerning this communication or earlier communications from the

Reexamination Legal Advisor or Examiner, or as to the status of this proceeding, should be

directed to the Central Reexamination Unit at telephone number (571) 272-7705.

Signed:

James Menefee
Primary Examiner
Central Reexamination Unit 3992
(571) 272-1944

April 28, 2008

Conferees:

**MARK J. REINHART**
**CRU SPE-AU 3992**

*PRIMARY Examiner*
*AU 3992*