THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
                                                                )
GENOA COLOR TECHNOLOGIES, LTD.,                                 )
                                                                )
            Plaintiff,                                          )
                                                                )
            v.                                                  )   Civil Action No. 07-CV-6233
                                                                )
MITSUBISHI ELECTRIC CORP.;                                      )   (JURY TRIAL DEMANDED)
MITSUBISHI ELECTRIC US HOLDINGS, INC.;                          )
MITSUBISHI ELECTRIC AND                                         )
ELECTRONICS USA, INC.;                                          )
MITSUBISHI DIGITAL ELECTRONICS                                  )
AMERICA, INC.; SAMSUNG                                          )
ELECTRONICS CO., LTD.; SAMSUNG                                  )
ELECTRONICS AMERICA, INC.                                       )
                                                                )
            Defendants.                                         )
---------------------------------------------------------------X

## PLAINTIFFS' MOTION FOR RECONSIDERATION OF
## ORDER GRANTING STAY PENDING *INTER PARTES* REEXAMINATION

Genoa Color Technologies, Ltd. ("Genoa") respectfully requests that this Court reconsider its Order of June 20, 2008 granting a stay of this litigation pending resolution of the reexaminations that have been granted by the U.S. Patent and Trademark Office ("PTO").

The basis for this request is the very important study attached hereto entitled "Reexamining *Inter Partes* Reexam" by the Institute for Progress. See Exhibit A. Genoa was unaware of this study as of the hearing on June 20, and learned of it for the first time on June 26, 2008. The legitimacy of the study is evidenced by information regarding the Institute for Progress that is likewise attached. See Exhibit B.

The attached study speaks articulately for itself, and thus all of its findings need not be repeated here. Of particular importance, however, are the findings that:

- To date, while 396 requests for *inter parte reexamination* were filed by mid-April 2008, there has never been a single *inter partes* reexamination that has gone through the entire reexamination process, including appeal, and made it to completion – only three have ever received a decision by the Board of Patent Appeals and Interferences.

- Although no *inter partes* reexam has ever been completed after being appealed, the average pendency for appealed *inter partes* reexams is 78.4 months (assuming no rework by the patent office or secondary appeal) – a 95% confidence interval would put the pendency between 5 and 8 years.

It must be understood that, even after this period of 5 to 8 years, the losing party would <u>then</u> have a right of appeal to the Court of Appeals for the Federal Circuit, thus extending the complete reexamination and appeal process to <u>between 7 and 10 years</u>. After that (assuming the patent survives), the issues of infringement and damages would remain to be tried.

There can be no doubt that the Defendants will exercise all of their rights of appeal, including appeals to the Board of Patent Appeals and Interferences (BPAI) and the Federal Circuit.

For obvious reasons, the information revealed in the attached report is extremely distressing to Genoa. It is apparent that the *inter partes* reexamination process is a bureaucratic black hole into which the Defendants have successfully managed to insert Genoa for their own litigation advantage. As Mr. Ben-David testified on behalf of Genoa, his company cannot survive such a long period of delay.

In light of the foregoing new information, Genoa respectfully requests that this Court reconsider its Order granting a stay of the present litigation. If, upon reconsideration, this Court determines that the balance of the equities weighs against a stay, final resolution of the case, including any appeals to the Court of Appeals for the Federal Circuit, will be achieved in a fraction of the time that it will otherwise take under the *inter partes* reexamination procedure. Under either route, the Court of Appeals will be the final arbiter on the issue of validity. If the existing claims are

determined to be either valid or invalid by the Federal Circuit, that finding will moot the reexamination procedure.

The attached study makes it clear that *inter partes* reexamination has become the preferred litigation tactic of large corporations. Since virtually all *inter partes* requests are granted, no particular weight should be given to the fact that they have been granted in the present case. For the reasons explained by Mr. Ben-David in his testimony on June 20, there are strong arguments that the prior art on the basis of which the reexamination requests were granted by the PTO does not in fact invalidate Genoa's patent.

For all of these reasons, Genoa urgently requests that this Court reconsider its Order granting a stay, and, upon such reconsideration, order that the stay be lifted and that the case proceed in accordance with the Case Management Order.

Respectfully submitted,

PEARL COHEN ZEDEK LATZER LLP

Dated: June 27, 2008

By: _____
Lee A. Goldberg (LG-9423)
Nathaniel B. Buchek (NB-0246)
1500 Broadway, 12th Floor
New York, NY 10036
Tel: (646)878-0800
Fax: (646)878-0801

Sibley P. Reppert
Lahive & Cockfield LLP
One Post Office Square
Boston, MA 02109
Tel: (617) 227-7400
Fax: (617) 742-4214

*Attorneys for Plaintiff*
*Genoa Color Technologies, Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing **PLAINTIFFS' MOTION FOR RECONSIDERATION OF ORDER GRANTING STAY PENDING *INTER PARTES* REEXAMINATION** was made this 27th day of June, 2008, by delivering a true and correct copy of the same by Federal Express Priority Overnight to the following:

1. Richard L. Rainey
   Covington & Burling LLP
   1201 Pennsylvania Avenue, NW
   Washington, DC 20004

2. Roderick L. McKelvie
   Covington & Burling LLP
   1201 Pennsylvania Avenue, NW
   Washington, DC 20004

3. James E. Hough
   Morrison Foerster
   1290 Avenue of the Americas
   New York, New York 10104

4. Vincent J. Belusko
   Morrison Foerster
   555 West 5th Street
   Los Angeles, CA 90013-1024

Sherika Sterling