UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GENOA COLOR TECHNOLOGIES, LTD.,

    Plaintiff,

v.

MITSUBISHI ELECTRIC CORP.; MITSUBISHI ELECTRIC US HOLDINGS, INC.; MITSUBISHI ELECTRIC AND ELECTRONICS USA, INC.; MITSUBISHI DIGITAL ELECTRONICS AMERICA, INC.; SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG ELECTRONICS AMERICA, INC.,

    Defendants.

Civil Action No. 07-CIV-6233 (PKC) (JHP)

---

**MITSUBISHI DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER GRANTING STAY PENDING INTER PARTES REEXAMINATION**

## I.    INTRODUCTION

The Mitsubishi Defendants hereby submit this Opposition to Plaintiff's Motion for Reconsideration of Order Granting Stay Pending *Inter Partes* Reexamination. Plaintiff's motion is based on a secret organization's criticism of the U.S. Patent and Trademark Office ("PTO"), a criticism grounded in speculative statistics regarding the length of the *inter partes* reexamination process. When the Court originally considered the stay issue, it found general statistics about reexaminations unpersuasive, preferring to wait until it saw what the PTO would actually do in the reexaminations of the patent in suit. The PTO has thus far proceeded with the special dispatch required by statute, quickly granting three reexamination requests in orders that reflect a careful analysis of the prior art. The Court stayed the case based on these facts and required the parties to update the Court on the progress of the reexaminations. Plaintiff now asks the Court to

abandon this prudent approach, ignore actual events, and embrace speculative, general statistics. Because the Court previously found general statistics unpersuasive in a stay analysis, Plaintiff has not presented any valid grounds for reconsideration, and its motion should be denied.

Moreover, given actual evidence to date, the *eSoft* factors[1] weigh in favor of a stay. A stay will simplify the liability issues in the case because the PTO will alone determine validity. If the PTO invalidates the patent—likely given the strong statements by the PTO in granting the three reexamination requests—no trial on any issue will be necessary. If the PTO affirms any original claims or approves new claims, Defendants will be estopped from raising validity arguments in the litigation based on prior art that was or should have been raised at the PTO during reexamination. In either case, the stay will reduce the burden of litigation on the parties and the Court. Further, discovery is far from complete in this case, no trial date has been set, and the Court has not held a claim construction hearing, much less provided a claim construction order. Finally, a stay would not unduly prejudice Plaintiff. Plaintiff will participate in the reexaminations, and the statutory period on potential damages from the litigation is fixed. The PTO has thus far acted with special dispatch in the reexaminations. And Plaintiff's CEO revealed at the June 20, 2008 hearing that any prejudice from the stay to the six- or seven-employee licensing company is not undue, but rather is due to business failure and self-imposed.

## II.   ARGUMENT

Plaintiff bases its motion for reconsideration on a six-page paper from a secret organization known as the Institute for Progress (D.E. 56-2), and on a three-paragraph article

---

[1] *eSoft, Inc. v. Blue Coat Sys.*, 505 F. Supp. 2d 784, 787 (D. Colo. 2007) ("(1) whether a stay will simplify the issues in question and streamline the trial; (2) whether discovery is complete and whether a trial date has been set; (3) whether a stay would unduly prejudice the nonmoving party or present a clear tactical advantage for the moving party; and (4) whether a stay will reduce the burden of litigation on the parties and on the court").

published online that calls on the PTO to respond to the paper (D.E. 56-3).  The paper acknowledges that PTO statistics about *inter partes* reexaminations are "mathematically accurate."  (D.E. 56-2, at 6.)  However, the paper speculates that the *inter partes* reexamination process can be longer than PTO statistics suggest.  This conclusion is based on statistics that the paper's anonymous authors created by excluding selected actual events (*id.* at 5), fabricating other events (*id.*), and using this modified dataset to estimate an alleged "95% confidence interval for each step in the main sequence" of reexamination.  (*Id.* at 6.)  The paper does not explain the methodology used to arrive at this confidence interval for each event.

This speculative paper and Plaintiff's arguments based on it do not present the Court with a new factual or legal ground to reconsider the stay order.  The substance and speed of the actual reexamination grants in this case contradict the speculative statistics in the paper on which Plaintiff bases its motion.  As the Court recognized at the June 20, 2008 hearing, a three-examiner panel evaluated the prior art submitted in three separate *inter partes* reexamination requests and found substantial new questions of patentability based on seven primary prior art references.  This was not a cursory review, but rather showed a careful analysis of the prior art.  After analyzing the patent, its prosecution history, and the submitted prior art, the three-examiner panel found that each primary reference "appears to disclose the very features that were deemed lacking in the prior art during the original prosecution."  (*See, e.g.*, Exhibit A, Order Granting Mitsubishi's Request for *Inter Partes* Reexamination, mailed May 2, 2008, at 8, 10, 13.)  The PTO reached these conclusions and granted the reexamination requests less than three months after they were filed, consistent with the statutory requirement that the PTO conduct reexamination proceedings "with special dispatch."  35 U.S.C. § 305.  Neither the speculative paper nor the three-paragraph article citing it changes these facts.

Further, if general statistics are relevant to the stay analysis, "mathematically accurate" PTO statistics should be accorded more weight. PTO statistics are based on transparent and verifiable data and methods, of which the Court can properly take judicial notice. (*See* Exhibit B, PTO, *Inter Partes* Reexamination Filing Data – March 31, 2008.) These statistics indicate that in sixteen out of seventeen *inter partes* reexamination proceedings in which the PTO issued a certificate, the claims were either cancelled or amended, and the certificate issued on average approximately two-and-a-half years from the date the reexamination request was filed. (*Id.*) In contrast to the transparent and verifiable PTO statistics, the statistics in the paper on which Plaintiff bases its motion are based in part on hypothetical, not actual data. Inferences based on those hypothetical data are suspect. It is also unclear how the paper's anonymous authors reach the "95% confidence interval" that "*suggests*" ranges during which certain reexamination events might transpire. (D.E. 56-2, at 6 (emphasis added).)

Presumably, Plaintiff's alleged evidence is relevant to the prejudicial factor in the *eSoft* stay analysis. However, the factor is whether a stay would *unduly* prejudice the non-moving party. Any prejudice suffered by Plaintiff because of a stay is not undue. As discussed above, Plaintiff will participate in the reexaminations, and the statutory period on potential damages from the litigation is fixed. Moreover, testimony from Plaintiff's CEO at the June 20, 2008 hearing confirmed that any financial prejudice is due to business failure or self-imposed. Plaintiff tried and failed to create a viable product based on the technology described in the patent in suit. (*See* Exhibit C, Transcript from June 20, 2008 Hearing at 36 ll.1-24.) As a result, it is not manufacturing anything that competes with Defendants' products and might be affected by a stay. Plaintiff is a licensing company with six or seven employees, some of which are part time. (*Id.* at 46 l. 21 - 47 l. 6.) Further, Plaintiff has failed to obtain any revenues from licensing

the patent in suit or to seek U.S. financing to prolong its existence through litigation and reexamination of the patent in suit. (*Id.* at 37 ll.21-23; 46, ll. 6-10.) Plaintiff might relieve any financial hardship by exploring these options, none of which is foreclosed by the stay. Also, Plaintiff's counsel stated at the June 20, 2008 hearing that Plainiff does not intend to amend its claims during the reexamination proceedings. (*Id.* at 23 ll. 14-18.) This "fly or die" strategy, (*id.*), will accelerate the reexamination process because the PTO will not need time to respond to proposed amendments. Thus, the stay does not unduly prejudice Plaintiff.

Finally, the Court did not grant an unconditional stay. It "granted a stay pending developments in the reexamination proceeding before the U.S. PTO." (D.E. 55.) The Court requires the parties to report on the reexamination proceedings by December 19, 2008. (*Id.*) These conditions allow the Court to reevaluate the stay based on what actually happens during the reexamination proceedings. Plaintiff's motion urges the Court to abandon this prudent approach based on speculative, general reexamination statistics from a secret organization. Plaintiff's motion should be denied.

## III. CONCLUSION

For the reasons discussed above, Defendants respectfully request that the Court deny Plaintiff's Motion for Reconsideration of Order Granting Stay Pending *Inter Partes* Reexamination.

Dated: Los Angeles, California
       July 15, 2008

Respectfully submitted,

MORRISON & FOERSTER LLP

By: _____
       Adam J. LaVier

James E. Hough (JH 1066)
1290 Avenue of the Americas
New York, NY 10104-0050
Telephone: 212.468.8000
Facsimile: 212.468.7900

Vincent J. Belusko (admitted *pro hac vice*)
Nicole M. Smith (admitted *pro hac vice*)
Adam J. LaVier (admitted *pro hac vice*)
555 West Fifth Street, Suite 3500
Los Angeles, CA 90013
Telephone: 213.892.5200
Facsimile: 213.892.5454

*Attorneys for Defendants*
Mitsubishi Electric Corp.
Mitsubishi Electric and Electronics USA, Inc.
Mitsubishi Digital Electronics America, Inc.
Mitsubishi Electric US Holdings, Inc.

I hereby certify that service of the foregoing **MITSUBISHI DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER GRANTING STAY PENDING *INTER PARTES* REEXAMINATION** was made this 15th day of July 2008 by delivering a true and correct copy of the same by Email, pursuant to agreement of the parties, to the following:

| | |
|---|---|
| Sibley P. Reppert, Esq.<br>Lahive & Cockfield LLP<br>One Post Office Square<br>Boston, MA 02109 | *Attorneys for Plaintiff, Genoa Color Technologies, Ltd.* |
| Lee A. Goldberg, Esq.<br>Pearl Cohen Zedek Latzer LLP<br>1500 Broadway, 12th Floor<br>New York, NY 10036 | |
| Philip A. Irwin<br>Covington & Burling LLP<br>The New York Times Building<br>620 Eighth Avenue<br>New York, NY 10018<br>Telephone: 212.841-1000 | *Attorneys for Defendants, Samsung Electronics Co., Ltd., Samsung Electronics America, Inc.* |
| Richard L. Rainey (admitted *pro hac vice*)<br>Gregory S. Discher (admitted *pro hac vice*)<br>Richard J. Johnson (admitted *pro hac vice*)<br>Brian G. Bieluch (admitted *pro hac vice*)<br>Covington & Burling LLP<br>1201 Pennsylvania Avenue, NW<br>Washington D.C. 20004<br>Telephone: 202.662.6000 | |

Adam J. LaVier