THE UNITED STATES DISTRICT COURT FOR
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
)
GENOA COLOR TECHNOLOGIES, LTD.,    )
)
       Plaintiff,    )
)
       v.    )   Civil Action No. 07-CV-6233
)
MITSUBISHI ELECTRIC CORP.;    )   (JURY TRIAL DEMANDED)
MITSUBISHI ELECTRIC US HOLDINGS, INC.;    )
MITSUBISHI ELECTRIC AND    )
ELECTRONICS USA, INC.;    )
MITSUBISHI DIGITAL ELECTRONICS    )
AMERICA, INC.; SAMSUNG    )
ELECTRONICS CO., LTD.; SAMSUNG    )
ELECTRONICS AMERICA, INC.    )
)
       Defendants.    )
------------------------------------------------------------X

## REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER GRANTING STAY PENDING *INTER PARTES* REEXAMINATION

      The Defendants oppose Plaintiff's Motion for Reconsideration by arguing that the report on which it is based, "Re-examining *Inter Partes* Re-Exam" (the "Report") is "anonymous" and "unauthenticated" (Samsung Opp. at 2) and "grounded in speculative statistics" (Mitsubishi Opp. at 1, 3). Plaintiff has located the authors of the Report, and provides herewith a declaration of one of them, Ralph Eckardt. That declaration in turn attaches an article accurately quoting information provided by them clarifying the Report.

      A detailed presentation and analysis of the statistics on which the Report is based is set forth in Exhibit A hereto.

      In response to an inquiry, Plaintiff's counsel received an email from Ralph Eckardt, attached hereto as Exhibit B, identifying additional articles and blogs providing information regarding the

- 1 -

Report, and including a *Wall Street Journal* article containing information that may be pertinent to this Court's consideration of the pending motion.

The delay pending reexamination substantiated by the Report has been the subject of recent judicial comment:

> [T]here appears to be a growing concern among at least some judges in this district [N.D. Cal.] that, on balance, staying a case even in its early stages pending reexamination has not led to the just, speedy, and efficient management of the litigation, but instead has tended to prolong it without achieving sufficient benefits in simplification to justify the delay. This concern stems in part from the unpredictable but often lengthy duration of the stay due to the length of the PTO reexamination proceedings..., in contrast to the salutary effect of firm deadlines on efficient case management.

*Network Appliance, Inc. v. Sun Microsystems, Inc.*, 2007 WL 2168917, at *3 (N.D. Cal. 2008).

For the reasons articulated in the Report and recognized by the Northern District, the stay should be revoked, and Genoa should be permitted to prosecute this case.

Respectfully submitted,

PEARL COHEN ZEDEK LATZER LLP

Dated: July 17, 2008

By: _____
Lee A. Goldberg (LG-9423)
Nathaniel B. Buchek (NB-0246)
1500 Broadway, 12th Floor
New York, NY 10036
Tel: (646)878-0800
Fax: (646)878-0801

Sibley P. Reppert
Lahive & Cockfield LLP
One Post Office Square
Boston, MA 02109
Tel: (617) 227-7400
Fax: (617) 742-4214

*Attorneys for Plaintiff*
*Genoa Color Technologies, Ltd.*