# EXHIBIT B

**Reppert, Sibley P.**

| | |
|---|---|
| **From:** | Ralph Eckardt [ralph.eckardt@instituteforprogress.com] |
| **Sent:** | Wednesday, July 16, 2008 4:00 PM |
| **To:** | Reppert, Sibley P. |
| **Subject:** | RE: Rexamining Inter Partes Reexam |

Sibley,

Thank you for your interest in the report <u>Reexamining Inter Partes Reexam</u>.

The authors of the report are Ralph Eckardt <u>ralph.eckardt@instituteforprogress.com</u> and Mark Blaxill
<u>mark.blaxill@instituteforprogress.com</u>

<u>About the Institute for Progress</u>
The Institute for Progress is an independent think tank whose purpose is to provide a rational perspective with insight and analysis about the role of intellectual property in promoting "the progress of science and the useful arts".

The Institute and its website are currently under development and we expect to have a more public announcement about our Fellows and the activities of the Institute in the near future.

<u>About the Report</u>
There have been a number of articles and blogs about the report, several of which address your questions about the source of the report.  Here are some links that you should review, particularly numbers 2 and 5.

1. <u>http://www.iam-magazine.com/blog/Detail.aspx?g=975d3a09-38d2-4da9-ab3e-577de78f67a8</u>
2. <u>http://www.iam-magazine.com/blog/Detail.aspx?g=e04e7cee-72e2-445d-aa7d-f310c045f6d0</u>
3. <u>http://271patent.blogspot.com/2008/05/another-critical-study-on-inter-partes.html</u>
4. <u>http://www.patentlyo.com/patent/2008/05/patently-o-bi-5.html</u>
5. <u>http://www.ipfrontline.com/depts/article.asp?id=19270&deptid=8</u>
6. <u>http://ippharmdoc.blogspot.com/</u>

You should also be aware of a Dow Jones story by Stuart Weinberg entitled "Worried About That Infringement Case?  Ask For A Reexam". It includes comment by the USPTO on the report.  The full text is below:

## Worried About That Infringement Case? Ask For A Reexam

    By Stuart Weinberg
    Of DOW JONES NEWSWIRES


    TORONTO (Dow Jones)--Personalized Media Communication Inc. had been mired in a
patent dispute with Thomson Inc. for three years when Thomson asked the U.S.
Patent and Trademark Office to reexamine PMC's patents.

    The PTO agreed. That was in 2003. Five years later, the reexamination process
still isn't complete and PMC's case against Thomson remains on hold pending the
outcome of the reexam. "For whatever reason, the (reexamination) system, as
anticipated by statute and by Congress, just isn't working...," said Gerald

Holtzman, general counsel for PMC, a closely held New York company that holds
patents related to digital television and Internet technology.

Patent reexamination is supposed to be a speedy alternative to litigation for
determining patent validity. In 2005, the PTO created a Central Reexamination
Unit tasked with processing reexaminations with "special dispatch." But,
according to a recently released report, the reexam process takes far longer
than commonly believed. The process is so lengthy that some defendants in
patent-infringement suits are using it to augment their litigation strategy, the
Institute for Progress, an independent think tank that does research on
intellectual-property matters, said in its report.

"The reality is that this is becoming a business strategy on how to avoid
having to deal with the real infringement issues," said Kevin Rivette,
co-founder of the IFP and co-author of Rembrandts In The Attic, a seminal book
on intellectual-property strategy.

The report, authored by IFP fellows Ralph Eckardt and Mark Blaxill, focused on
inter partes reexaminations. Introduced by Congress in 1999, inter partes
reexams allow third parties to participate in the process by responding in
writing to issues raised by patent holders during reexam. Previously, third
parties could only request ex parte reexams, which excludes them from the
process after a reexam request is filed.

The report, which relied on publicly available PTO data, found that the number
of inter-partes-reexam requests rose sixfold, from 24 in 2003 to 142 in 2007. It
said 52%, of patents subject to inter partes reexams were involved in
litigation. The PTO granted reexam requests at a rate of about 95%, the report
said. To be granted, a reexam request must raise a substantial new question of
patentability.

**Unappealed Exam Takes 43.5 Months**

On average, inter partes reexams take 28.5 months to complete, according to
the PTO. However, while "mathematically accurate," that statistic is "highly

misleading," the IFP found. That's because the PTO includes cases in which the
patent holder didn't defend its rights. When those cases are excluded, the
average pendency of an unappealed inter partes reexam is 43.5 months, the report
said. When appeals are factored in, estimated-average pendency climbs to
five-to-eight years, the report said, noting that only three inter partes
reexams have been decided by the PTO's Board of Patent Appeals and
Interferences.

Rivette, a former vice-president of intellectual-property strategy at
International Business Machines Corp. (IBM) and current chairman of the PTO's
Public Patent Advisory Committee, said the report wasn't meant as a condemnation
of the PTO. Instead, it was written to highlight how defendants in patent
litigation can take advantage of the disconnect between the court system and the
PTO-reexamination process.

That disconnect allows defendants in infringement suits to request a reexam -
knowing it will almost certainly be granted - then ask the court to stay its
case until the reexam is finished, Rivette said. Obtaining a stay is an
effective strategy because many patent holders have limited resources the delay
can put them into financial distress, he said. If the patent holder is a public
company, "huge amounts of shareholder value can be destroyed due to nothing more
than a court staying a case pending a reexam," he said.

01 Communique Laboratory Inc. (ONE.T), a Toronto software company, found this
out the hard way. On March 13, the company's stock plummeted to 18 Canadian
cents from 86 Canadian cents after an Ohio court stayed 01's infringement case
against Citrix Systems Inc. (CTXS) because the PTO granted Citrix's request to
reexamine 01's patent. In Toronto Friday, 01 is trading at 18 Canadian cents.

On March 26, Avistar Communications Corp. (AVSR), a San Mateo, Calif.
developer of unified communications software, announced plans to cut 25% of its
staff, or 27 workers, after the PTO agreed to Microsoft Corp.'s (MSFT) request
to reexamine all 29 of Avistar's patents. Avistar hadn't sued Microsoft but it

had held licensing discussions with the Redmond,. Wash. sofware giant, according
to the Avistar release announcing the layoffs.

**Lawyers Use Reexam As A Selling Point**


Some lawyers who specialize in intellectual property use reexaminations as a
selling point. "Many people see reexam as a second bite at the apple for losing
defendants," said Steven Sereboff, lawyer at Westlake Village, Calif.-based
SoCal IP Law Group LLP, in an email. "We recommend taking the second bite early.
We also use reexams to improve negotiating leverage, reduce the value of a
patent, and to defer dealing with a problem patent. The utility of these goals
depends in part on how quickly the USPTO can process reexams, and sometimes we
want a slow process."

Sereboff, who runs a Web site called "Patent Assassins" with fellow SoCal
lawyer Mark Goldstein, said reexams have always been a weapon in the litigation
arsenal. He said he and Goldstein prefer to focus on identifying and exploiting
quirks in the system, rather than opining on whether those quirks make for good
or bad public policy.

John Love, Deputy Commissioner for Patent Examination Policy at the PTO, said
in an email that, because inter partes reexaminations are relatively new, only a
limited number have been requested or completed. "The nature of inter partes
reexaminations allows for expanded participation in the process for the
requester," he said. "The back and forth of filing papers and responses to
papers complicates and lengthens the process. Ex parte reexams are much more
limited."

The PTO is increasing its staff of senior examiners assigned to its Central
Reexamination Unit, Love said. The PTO is also developing improved management
information systems and analyzing the process to identify areas where
efficiencies can be achieved, he said.

Due to the effort and expense involved in filing reexam requests, it's not
surprising that most requests identify a significant new question of
patentability, Love said.

   Holtzman of Personalized Media Communications said Congress needs to "clean up
the mess it created" by failing to set a time limit on reexaminations. He
recommended an 18-month limit, which is the duration the International Trade
Commission sets for its infringement investigations.

   Holtzman added that judges should be more discerning when deciding if a PTO
reexam merits a stay. "I think courts need to be cognizant of the fact that this
has become a tactic and that, at the end of the day, most patents, or
significant portions of patents, are in fact confirmed by the PTO: the result of
the reexamine is forcing a patent holder to wait, and in many instances try to
survive, before being able to enforce its rights," he said.
   Company Web Sites: http://www.uspto.gov

   -Stuart Weinberg, Dow Jones Newswires; 416-306-2026;
   stuart.weinberg@dowjones.com

   TALK BACK: We invite readers to send us comments on this or other financial
news topics. Please email us at TalkbackAmericas@dowjones.com. Readers should
include their full names, work or home addresses and telephone numbers for
verification purposes. We reserve the right to edit and publish your comments
along with your name; we reserve the right not to publish reader comments.


   (END) Dow Jones Newswires

   05-30-08 1330ET

   Copyright (c) 2008 Dow Jones & Company, Inc.

---

**From:** Reppert, Sibley P. [mailto:spr@lahive.com]
**Sent:** Tuesday, July 15, 2008 4:57 PM
**To:** info@instituteforprogress.com
**Subject:** Rexamining Inter Partes Reexam

I am litigating a patent case that has just been stayed pending reexam, and would like to speak with the author(s) of
your report, which I have provided to the court in connection with my request for reconsideration, and also to obtain
more information about the Institute for Progress.  Can you provide me with any more information, including the

contact information of the report's authors?  I would much appreciate any information that will validate the report and establish the legitimacy of the Institute.

Many thanks,

Sibley P. Reppert
Partner
Lahive & Cockfield, LLP
One Post Office Square
Boston, MA 02109
Direct dial:  617-994-0830
spr@lahive.com

This communication contains information which may be confidential, privileged, and protected under the attorney/client and/or the attorney work product privileges. Unless you are the intended recipient (or authorized to receive for the intended recipient), you may not use, copy, disseminate or disclose to anyone this communication or any information contained in this communication. If you have received this communication in error, please advise Lahive & Cockfield at (617) 227-7400 and delete this communication immediately without distributing it or making any copies. Thank you.